THE STATE OF OHIO, APPELLEE, *v.* FLEMING, APPELLANT.

(No. 1378—Decided February 13, 1957.)

*Mr. Paul J. Mikus,* prosecuting attorney, and *Mr. Adrian F. Betleski,* for appellee.

*Messrs. Adams & Adams,* for appellant.

DOYLE, J. Paul Fleming was indicted by the Grand Jury of Lorain County, upon the charge that he "on the 29th day of May * * *, 1956, at the County of Lorain aforesaid, maliciously shot at Millie Fleming with intent to wound the said Millie Fleming."

Following a plea of not guilty, he was tried to a jury; was found guilty as charged; and, pursuant to judgment entered upon the verdict, was sentenced to the penitentiary. He has now appealed to this court, seeking a new trial upon the ground of claimed errors occurring in his trial.

There is credible evidence in the record to sustain the charge if the jury believed the testimony of various witnesses. There is likewise evidence given by the defendant himself that he fired a revolver into the air—not at any person—for the purpose of scaring the people there present. If the jury had believed this version of the shooting of the firearm, it is evident

that his offense under the indictment was of a lesser offense than the one formally charged.

Several days before the trial commenced, counsel for the defendant filed with the clerk of courts a written request, which was placed in the court's file. The request reads:

"Now comes the defendant and requests that at the trial hereof, a written charge be given to the jury and that said charge shall include charges on assault, discharging firearms (Sec. 3773.21, R. C.), and pointing firearms (Sec. 3773.04, R. C.)."

At the conclusion of the trial, the court charged the jury with the law relative to maliciously shooting with intent to wound only. The charge was reduced to writing and was given to the jury to take to their jury room.

It thus appears that the court had before it the request for a written charge made several days before the trial started, coupled with the request to charge on "assault, discharging firearms, and pointing firearms," and further recognized the request as continuing into the actual trial of the case.

The statute regulating written charges and requested instructions (Section 2945.10, Revised Code) is as follows:

"* * *

"(E) When the evidence is concluded, either party may request instructions to the jury on the points of law, which instructions shall be reduced to writing if either party requests it.

"* * *

"(G) The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified, or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case.

"The court may deviate from the order of proceedings listed in this section."

While the above statute contemplates that a party's re-

quest for instructions on points of law be made during the actual trial of the case, nevertheless, if such request is made in writing prior to the beginning of the trial, filed with the papers in the case, and recognized by the trial judge as a formal request, as appears to be the situation here, it then becomes the duty of the trial court to charge the jury in respect thereto, if the requested instructions are pertinent to the issues in the case.

The statute provides that the court may deviate from the order of proceedings set out therein. This it seemingly did, by complying with the request to reduce the charge to writing for submission to the jury, although the request was made before the trial commenced. Likewise, it is apparent that the court did not charge the jury on "assault, discharging firearms, and pointing firearms," because of its conclusion that such a charge would not be pertinent to the issues.

It is observed that this request to charge is included in the same sentence as the request for written instructions, and certainly was before the court at all times.

The first error assigned in this appeal reads:

"It was prejudicial error for the trial court to fail and refuse to charge upon the included offenses of assault, discharging firearms and pointing firearms, as was requested in writing by defendant."

It is the law in this state that, if an indictment charges a certain crime, and there is no evidence submitted on trial tending to support a lesser included offense, then the defendant, upon the failure of proof as to the principal crime charged, is entitled to an acquittal, and the court should not charge the jury on an included offense. *Bandy* v. *State,* 102 Ohio St., 384, 131 N. E., 499, 21 A. L. R., 594.

However, when an indictment charges a crime such as maliciously shooting with intent to wound, such charged offense includes lesser offenses; and if the evidence tends to support a lesser offense or offenses, it is the duty of the court to charge the jury with reference to such lesser offense or offenses. *Windle* v. *State,* 102 Ohio St., 439, 132 N. E., 22.

The Legislature of this state has undertaken to say, in Section 2945.74, Revised Code:

"* * * When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

From the short resume of the evidence stated above, certainly the offense of assault became an issue in the case, and it was the duty of the court to charge the jury thereon, when it appears, as it does in the case before us, that counsel requested such a charge. Assault is an included lesser offense of maliciously shooting with intent to wound.

As stated, the offense of assault is included in the offense of maliciously shooting with intent to wound, and would have been a proper charge in the instant case. Also, the offense of assault and battery is likewise an included offense. *State* v. *McCoy*, 88 Ohio St., 447, 103 N. E., 136. However, in the case under consideration, such a charge would have been improper, because there was no battery. The defendant, when shooting from a position of ten to fifteen feet from the person named in the indictment, did not hit her nor any of her companions.

We turn now to the question of whether discharging firearms and pointing firearms would constitute included offenses in the crime of maliciously shooting with intent to wound. The statutes charging the various offenses are:

Section 2901.23, Revised Code. "No person shall maliciously shoot, stab, cut, or shoot at another person with intent to kill, wound, or maim such person.

"Whoever violates this section shall be imprisoned not less than one nor more than twenty years."

This section is under Title XXIX, Crimes—Procedure, Chapter 2901, Offenses Relating to Persons.

Section 3773.21, Revised Code. "No person shall discharge a firearm on a lawn, park, pleasure ground, orchard, or other ground appurtenant to a schoolhouse, church, or an inhabited dwelling, the property of another, or a charitable institution, or upon or over a public road or highway. This section does not prevent or prohibit the owner thereof from discharging firearms upon his own enclosure."

This section appears under Title XXXVII, Health—

Safety—Morals, Chapter 3773, Disorderly Conduct; Sunday Prohibitions.

Section 3773.04, Revised Code. "No person shall, intentionally and without malice, point or aim a firearm at or toward another or discharge a firearm so pointed or aimed, or maim or injure a person by the discharge of a firearm so pointed or aimed.

"This section does not extend to cases in which firearms are used in self-defense, in the discharge of official duty, or in justifiable homicide."

This section appears under the same chapter of "Disorderly Conduct" as the preceding one.

The penalty for violating Section 3773.21, Revised Code, is a fine of not less than ten nor more than fifty dollars, or imprisonment not more than thirty days, or both. The penalty for a violation of Section 3773.04, Revised Code, is a fine of not more than one hundred dollars, or imprisonment of not more than one year, or both.

In *State* v. *Kuchmak*, 159 Ohio St., 363, at p. 366, 112 N. E. (2d), 371, appears the following:

"* * * The test for the determination of this problem [lesser included offenses] is that, if all the elements of a separate offense are present with others in an offense charged in an indictment, such separate offense is a lesser included offense; or, where all the elements of an offense are included among the elements of a charged offense, the former is a lesser included offense. But to warrant a conviction of such lesser included offense, another limitation must be taken into consideration. A court may not charge upon, and a defendant may not be found guilty of, a lesser offense, unless the evidence tends to support each of the necessary elements of such offense. *Bandy* v. *State*, 102 Ohio St., 384, 131 N. E., 499, 21 A. L. R., 594."

In the case before us, it is obvious that the offenses set out in Sections 3773.21 and 3773.04, Revised Code, are lesser offenses than the one charged in the indictment, but are not offenses of the same general character. They are distinct and independent offenses of a different class. See: *State* v. *Whitten*, 82 Ohio St., 174, 92 N. E., 79. The offense charged in the indictment is characterized as an offense relating to persons,

while the others are characterized as disorderly conduct. It is further observed that these claimed included offenses do not meet the test of the Supreme Court, as set out in *State* v. *Kuchmak, supra.*

We therefore rule that assault is a lesser included offense of the crime of maliciously shooting with intent to wound, but that the offenses of discharging firearms in violation of Section 3773.21, Revised Code, and pointing firearms in violation of Section 3773.04, Revised Code, are not included offenses.

For error in failing to charge the jury on the included offense of assault, the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded for a new trial.*

HUNSICKER, P. J., and STEVENS, J., concur.