[Cite as *State v. Ricks*, 194 Ohio App.3d 511, 2011-Ohio-3866.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | Appellate Case No. 24185 |
| Appellee, | : | |
| | : | Trial Court Case No. 1901-CR-29873 |
| v. | : | |
| | : | |
| RICKS, | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Appellant. | : | |
| | : | |

. . . . . . . . . .

### O P I N I O N

Rendered on the 5th day of August, 2011.

. . . . . . . . .

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna Shia, Assistant Prosecuting Attorney, for appellee.

Daniel J. O'Brien, for appellant.

. . . . . . . . .

HALL, Judge.

{¶ 1} Jessie Lee Ricks appeals from the trial court's denial of his application for sealing a conviction under R.C. 2953.32. In his sole assignment of error, Ricks contends that the trial court erred in finding him ineligible to have the conviction sealed.

{¶ 2} The record reflects that Ricks was indicted in 1969 on a felony charge of shooting another with intent to kill, in violation of former R.C. 2901.23. Ricks pleaded guilty in 1971 to a reduced charge of pointing a firearm in violation of former R.C. 3773.04, a

misdemeanor. He successfully completed probation in 1972.

{¶ 3}   In May 2010, Ricks filed his application to have the conviction sealed. Following a June 30, 2010 hearing, the trial court denied his application. In a written entry, the trial court reasoned:

{¶ 4}   "The Court has determined that the applicant IS NOT eligible under O.R.C. 2953.31, 2953.32(A)(1) or (C)(1), or O.R.C. 2953.36. THEREFORE, the Court finds that the application should be denied for the following reason(s):

{¶ 5}   "The conviction is for an offense of violence that is a misdemeanor of the first degree or a felony, and is not a violation of section 2917.03, and is not a violation of section 2903.13, 2917.01 or 2917.31 that is a misdemeanor of the first degree."

{¶ 6}   On appeal, Ricks disputes the trial court's finding of ineligibility. He argues that the crime of pointing a firearm in violation of former R.C. 3773.04 is neither an offense of violence nor a first-degree misdemeanor. Whether a conviction is exempt from being sealed involves a question of law that we review de novo. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6.

{¶ 7}   We begin our analysis with R.C. 2953.36, which identifies convictions that cannot be sealed. Among other things, it excludes the following from sealing:

{¶ 8}   "(C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code [riot] and is not a violation of section 2903.13 [assault], 2917.01 [inciting violence] or 2917.31 [inducing panic] of the Revised Code that is a misdemeanor of the first degree[.]"

**{¶ 9}** Ricks was convicted of violating former R.C. 3773.04, which stated:

**{¶ 10}** "No person shall, intentionally and without malice, point or aim a firearm at or toward another or discharge a firearm so pointed or aimed, or maim or injure a person by the discharge of a firearm so pointed or aimed."   The maximum penalty for violating former R.C. 3773.04 was a year of incarceration. *State v. Fleming* (1957), 102 Ohio App. 244, 248.

**{¶ 11}** Under R.C. 2901.01(A)(9), an "offense of violence" includes:

**{¶ 12}** "(a)  A violation of section  2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

**{¶ 13}** "(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

**{¶ 14}** "(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons[.]"

**{¶ 15}** Ricks's offense of intentionally pointing a firearm is an offense of violence under R.C. 2901.01(A)(9)(b) because it is substantially equivalent to an offense listed in R.C.

2901.01(A)(9)(a), to wit: aggravated menacing in violation of R.C. 2903.21. The aggravated-menacing statute prohibits "knowingly caus[ing] another to believe that the offender will cause serious physical harm to the person or property of the other person." R.C. 2903.21(A). This is similar to former R.C. 3773.04, which, among other things, prohibited intentionally pointing or aiming a firearm at another person. Cf. *State v. Burchett*, Montgomery App. No. 20166, 2004-Ohio-3095, ¶ 20 ("When Burchett opened the door with a gun pointed at Ponichtera, his conduct reasonably caused Ponichtera to fear that he would be shot. * * * Thus, Ponichtera and his companions had probable cause to believe Burchett had committed the crime of aggravated menacing"). We note, too, that Ricks's offense of intentionally pointing a firearm also qualifies as an offense of violence under R.C. 2901.01(A)(9)(c) because he purposely created a risk of serious physical harm to persons.

{¶ 16} The remaining issue is whether Ricks's offense qualifies as a misdemeanor of the first degree. Arguing that it does not, he notes that R.C. 2953.36(C) is written in the present tense and that R.C. 3773.04 had been repealed long before R.C. 2953.36(C) took effect in 2000. Consequently, he reasons that pointing a firearm cannot qualify as a crime of violence that "*is* a misdemeanor of the first degree" because the offense no longer exists. Ricks also contends that pointing a firearm *never was* a first-degree misdemeanor, even when he was convicted in 1971, because misdemeanors were not classified by degree until 1974, when R.C. 3773.04 was repealed. As a result, he claims, the trial court erred in finding that his offense is a first-degree misdemeanor offense of violence.

{¶ 17} Upon review, we find Ricks's first argument to be without merit. Although R.C. 3773.04 no longer exists, his conviction under the statute does. For purposes of R.C.

2953.36(C), the issue is whether his 1971 conviction is for a first-degree misdemeanor. In our view, resolution of that issue does not turn on whether pointing a firearm remained a crime when R.C. 2953.36(C) took effect in 2000.

{¶ 18} Ricks's alternative argument—that a violation of R.C. 3773.04 never was a first-degree misdemeanor—raises a more difficult issue. The parties agree that his violation of R.C. 3773.04 was a misdemeanor. But because misdemeanors were not classified by degree until 1974, at which time R.C. 3773.04 was repealed, they disagree about whether Ricks's offense qualifies as a first-degree misdemeanor for purposes of R.C. 2953.36(C).

{¶ 19} In reviewing R.C. 2953.36(C), it appears to us that the General Assembly may have failed to foresee the present situation when it enacted the statute. Misdemeanors had been classified by degree for more than 25 years before R.C. 2953.36(C) took effect in 2000, and the legislature most likely overlooked the possibility that a person such as Ricks might seek the sealing of a conviction that predated degree classifications.

{¶ 20} Although neither party has cited (and we have not found) any case law directly on the point at issue, we conclude that a violation of former R.C. 3773.04 does not qualify as a first-degree misdemeanor under R.C. 2953.36(C) for two reasons. First, because misdemeanors were not classified by degree when Ricks was convicted, his offense, on its face, is not a first-degree misdemeanor. Second, the penalty for Ricks's offense makes it analogous to an unclassified misdemeanor, not a first-degree misdemeanor. As set forth above, the maximum penalty for violation of R.C. 3773.04 was one year of confinement. The maximum penalty for a first-degree misdemeanor is 180 days of confinement. R.C. 2929.24(A)(1). The maximum penalty for an unclassified misdemeanor is one year of

incarceration.[1] See R.C. 2901.02(F). Therefore, even if we look to current law for guidance, Ricks's offense is more akin to an unclassified misdemeanor than a first-degree misdemeanor.

{¶ 21} Although the potential penalty for an unclassified misdemeanor is more serious than the penalty for a first-degree misdemeanor, nothing in R.C. 2953.36(C) precludes the sealing of a conviction for an unclassified misdemeanor. The failure to prohibit the sealing of unclassified misdemeanors may have been a legislative oversight, but we are not at liberty to rewrite an unambiguous statute such as R.C. 2953.36(C). Cf. *Fairborn v. DeDomenico* (1996), 114 Ohio App.3d 590 (finding that nothing in R.C. 2953.36(C) prohibited the sealing of municipal-ordinance violations even though the statute prohibited the sealing of identical state-law violations). See also 2000 Ohio Atty. Gen.Ops. No. 2000-033 (concluding that a person convicted of an unclassified misdemeanor was entitled to be a candidate for sheriff despite the existence of a statute that precluded anyone convicted of a first-degree misdemeanor from being a candidate).

{¶ 22} Having found that a violation of former R.C.3773.04 is not a first-degree misdemeanor, we conclude that Ricks was at least statutorily eligible to have his application for sealing of his conviction considered on the merits by the trial court. Because the trial court held otherwise, we sustain his assignment of error, reverse the trial court's judgment, and remand the cause for further proceedings consistent with this opinion.

---

[1] "An unclassified misdemeanor can be one that imposes not more than one year of incarceration but more than six months, which is the maximum for a first degree misdemeanor. * * * The legislative body typically leaves an offense unclassified when it assigns penalties which vary from those in the general penalty-listing statute." *State v. Williams*, Mahoning App. No. 01 CA 221, 2002-Ohio-5022, ¶ 16-17.

Judgment reversed

and cause remanded.

. . . . . . . . . . . . .

GRADY, P.J., and FAIN, J., concur.