[Cite as *State v. Ricks*, 2012-Ohio-3851.]

## IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   CA 24941 |
| vs. | : | T.C. CASE NO.   1901-CR-29873 |
| JESSIE LEE RICKS | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

## O P I N I O N

### Rendered on the 24th day of August, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; Andrew T. French, Asst. Pros. Attorney, Atty. Reg. No. 0069384, P.O. Box 972, Dayton, OH   45422
    Attorneys for Plaintiff-Appellee

Daniel J. O'Brien, Atty. Reg. No. 0031461, 1210 Talbott Tower, 131 N. Ludlow St., Dayton, OH 45402
    Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   Defendant Jessie Lee Ricks appeals from an order of the trial court entered following our remand in *State v. Ricks,* 194 Ohio App.3d 511, 2011-Ohio-3866, 957 N.E.2d 62 (2d Dist.), in which the trial court had denied Defendant's application to seal the record of his 1971 conviction.

{¶ 2}   In 1969, Defendant was indicted on a felony charge of shooting another with an intent to kill, in violation of former R.C. 2901.23.   As part of a plea agreement with the

State, Defendant pled guilty in 1971 to a reduced charge of pointing a firearm, in violation of former R.C. 3773.04, a misdemeanor. He was sentenced to probation, which he successfully completed the following year.

{¶ 3} In May 2010, Defendant filed an application to have the record of his 1971 conviction sealed pursuant to R.C. 2953.32(A)(1). The trial court denied the request following a hearing, finding that Defendant was not statutorily eligible to have the record sealed because the offense was "an offense of violence that is a misdemeanor of the first degree or a felony."

{¶ 4} Defendant appealed. We reversed the trial court's decision, finding that although a violation of former R.C. 3773.04 is an offense of violence, it "does not qualify as a first-degree misdemeanor under R.C. 2953.36(C)." *Id.* at ¶ 20. We remanded the case to the trial court stating that Defendant was "statutorily eligible to have his application for sealing of his conviction considered on the merits by the trial court." *Id.* at ¶ 22.

{¶ 5} On remand the trial court conducted an evidentiary hearing. Finding that Defendant was statutorily ineligible to seal the record of his 1971 conviction because he was not a "first offender," the trial court again denied Defendant's application to seal the record.

{¶ 6} Defendant filed a timely notice of appeal. He raises two assignments of error, which will be addressed together.

{¶ 7} Defendant's first assignment of error:

"THE DEFENDANT-APPLICANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW IN BEING CONFRONTED AT HIS SECOND EXPUNGEMENT HEARING, WITHOUT FAIR WARNING AND/OR NOTICE AND WITHOUT PRIOR DISCOVERY FROM THE STATE REGARDING HIS ALLEGED

CONVICTIONS, ALL AT LEAST 34-40 YEARS AGO AND THE COURT HAVING MADE A FINDING AT THE FIRST EXPUNGEMENT HEARING (JUNE 30, 2010) THAT THERE WERE NO PRIOR CONVICTIONS."

**{¶ 8}** Defendant's second assignment of error:

"THE COURT PREJUDICIALLY ERRED IN ALLOWING THE STATE TO ADMIT INTO EVIDENCE TOTALLY UNRELIABLE, UNAUTHENTICATED AND/OR HEARSAY 'DOCUMENTS' OR 'RECORDS', ALL OVER STRENUOUS AND MULTIPLE OBJECTIONS BY DEFENSE COUNSEL, SAID 'DOCUMENTS' OR 'RECORDS' PURPORTING TO SHOW PRIOR CONVICTIONS OF THE APPLICANT FOR MINOR OFFENSES, BUT TOTALLY FAILED TO SHOW WHETHER OR NOT THE DEFENDANT WAS REPRESENTED BY COUNSEL AT THE TIME OF THOSE ALLEGED AND PURPORTED CONVICTIONS."

**{¶ 9}** The expungement or sealing of a record of a criminal conviction "is an act of grace created by the State, and is a privilege, not a right." *State v. Stephens,* 195 Ohio App.3d 724, 2011-Ohio-5562, 961 N.E.2d 734 (2d Dist.), ¶ 8, citing *State v. Simon,* 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000). For that reason, an application to seal the record of a criminal conviction should be granted only when all of the statutory requirements for eligibility are met. *Id.*

**{¶ 10}** A Defendant who files an application to seal the record of his criminal conviction pursuant to R.C. 2953.32(A)(1) must show that: (1) he is a "first offender;" (2) he has no criminal proceedings pending against him; and (3) he has been rehabilitated. R.C. 2953.32(C)(1)(a), (b), (c). The trial court must consider any objection to the application filed by the State. R.C. 2953.32(C)(1)(d). And, the court must weigh the interests of the

applicant in having the record sealed against any legitimate governmental need to maintain the record.   R.C. 2953.32(C)(1)(e).

{¶ 11} "'The threshold issue in any proceeding on an application to seal the records of a criminal conviction is whether the applicant is qualified for "first offender" status.'" *Stephens,* at ¶ 19, quoting *Dayton v. Salmon,* 108 Ohio App.3d 671, 674, 671 N.E.2d 599 (2d Dist. 1996).   As used in R.C. 2953.32, "'[f]irst offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."   R.C. 2953.31(A).   If an applicant is not a first offender, the trial court lacks jurisdiction to seal the criminal record.   *Stephens*, at ¶ 23.

{¶ 12} At the second hearing on his application, Defendant claimed on direct examination that he had no criminal convictions other than the one in 1971.   During cross-examination, however, Defendant admitted that he had also been convicted of driving under the influence in 1969 and 1977 and that he was convicted of domestic violence in 1982.  Additionally, the State presented testimony from Lieutenant Stiver regarding those three convictions, as well as a 1974 conviction for disorderly conduct.   This information was sufficient to support the trial court's finding that Defendant was not statutorily eligible to seal his 1971 conviction because he was not a "first offender" as defined by R.C. 2953.31(A).

{¶ 13} Defendant claims that he was denied his right to due process and equal protection because he was not given notice of the State's intent to offer evidence of his other criminal convictions at the hearing.   However, an application to seal a record is not structured on the adversary model, and it is not entitled to the same type of notice that is afforded to one accused of a crime.   *State v. Hamilton,* 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996).   The

process due an applicant "does not include advanced notice of the specific issues and facts underlying a prosecutor's objection or even notice that the state opposes sealing of the record." *Id.* In any event, Defendant was on notice of the existence of his own convictions, and his counsel should have known that as a result of those convictions Defendant is ineligible to have his record sealed.

{¶ 14} To the extent that Defendant also claims that he should have been provided with discovery regarding his complete criminal record, we point out that an application to seal records pursuant to R.C. 2953.32 "is a postconviction remedy that is civil in nature." *State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 19. A defendant is not entitled to discovery in post-conviction proceedings. *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office,* 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999); *State v. Chinn,* 2d Dist. Montgomery No. 16764, 2000 WL 1458784 (Aug. 21, 1998).

{¶ 15} Finally, Defendant argues that the trial court was precluded from considering evidence of his additional convictions because the court had found in the prior proceeding that he had no prior convictions. It is clear, from both the six-page transcript of the first expungement hearing and from the trial court's first order denying Defendant's application, that the only issue the trial court considered was whether the offense was "an offense of violence that is a misdemeanor of the first degree or a felony." Furthermore, our remand specifically instructed the trial court to consider the merits of Defendant's motion, which would necessarily include Defendant's eligibility to have his record sealed. *Ricks,* at ¶ 22.

{¶ 16} Both of Defendant's assignments of error are overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And , HALL, J., concur.



**Copies mailed to:**

**Andrew T. French, Esq.**
**Daniel J. O'Brien, Esq.**
**Hon. Mary Katherine Huffman**