[Cite as *State v. Stephens*, 195 Ohio App.3d 724, 2011-Ohio-5562.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| Appellant, | : | C.A. CASE NO. 24669 |
| v. | : | T.C. CASE NO. 08CRB12173 |
| STEPHENS, | : | (Criminal Appeal from Municipal Court) |
| Appellee. | : | |

. . . . . . . . .

**O P I N I O N**

Rendered on the 28th day of October, 2011.

. . . . . . . . .

John J. Danish, Dayton City Attorney, Stephanie L. Cook, Chief Prosecuting Attorney, and Andrew D. Sexton, Assistant City Prosecuting Attorney, for appellant.

Cory D. Thompson, for appellee.

. . . . . . . . .

GRADY, Presiding Judge.

{¶ 1}  The state of Ohio appeals from a judgment of the Dayton Municipal Court that granted defendant John Stephen's application to seal the record of his misdemeanor criminal conviction pursuant to R.C. 2953.32.

{¶ 2}  On September 18, 2008, defendant entered a plea of guilty to one count of public indecency in violation of R.C. 2907.09(A)(3), a misdemeanor of the fourth degree.  The trial court immediately sentenced defendant to a period of

supervised probation. On September 10, 2009, the trial court filed an entry discharging defendant from supervised probation.

{¶ 3} On January 5, 2011, defendant filed a pro se application to seal the record of his misdemeanor public indecency conviction pursuant to R.C. 2953.32. At the initial hearing held on April 8, 2011, both the state and the court's own probation department objected to sealing the record of defendant's public-indecency conviction because defendant is not a first offender, having been previously convicted on or about July 23, 2008, of disorderly conduct, a fourth-degree misdemeanor, in Fairborn Municipal Court.

{¶ 4} The trial court held a full evidentiary hearing on defendant's application for expungement on May 16, 2011. Defendant admitted that he had been previously convicted in July 2008 of disorderly conduct in Fairborn Municipal Court. Nevertheless, immediately following the hearing, the trial court filed its judgment entry granting defendant's application to seal the record of his public-indecency conviction. The court concluded that defendant had made a compelling argument of undue hardship.

{¶ 5} The state timely appealed to this court. The trial court, at the request of the state, stayed its order of expungement pending the outcome of this appeal.

ASSIGNMENT OF ERROR

{¶ 6} "The trial court erred by granting appellee's application for sealing his record of misdemeanor conviction."

{¶ 7} The state of Ohio argues that the trial court erred when it granted defendant's application for statutory expungement of his misdemeanor

public-indecency conviction because defendant is not a first offender and therefore is not eligible for statutory expungement.   We agree.

{¶ 8}   Expungement is an act of grace created by the state and is a privilege, not a right.   *State v. Simon* (2000), 87 Ohio St.3d 531, 533.   Expungement should be granted only when all requirements for eligibility are met.   Id.

{¶ 9}   R.C. 2953.32(A)(1) provides: "Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court * * * for the sealing of the conviction record."   R.C. 2953.32(B) further provides: "The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing" on the application.

{¶ 10} In *Dayton v. Salmon* (1996), 108 Ohio App.3d 671, 674, we stated:

{¶ 11} "R.C. 2953.32(B) requires a court to which an application is made to seal the records of a criminal case to set the matter for hearing, to notify the prosecutor, and to direct its probation officer to make inquiries and file a written report concerning the application. Paragraph (C)(1) of the statute provides:

{¶ 12} "'The court shall do each of the following:

{¶ 13} "'(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case;

{¶ 14} "'(b) Determine whether criminal proceedings are pending against the applicant;

{¶ 15} "'(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

{¶ 16} "'(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶ 17} "'(e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records.'

{¶ 18} "If none of those matters is determined adverse to the applicant, then pursuant to R.C. 2953.32(C)(2) the court 'shall order all official records pertaining to the case sealed.'

{¶ 19} "The threshold issue in any proceeding on an application to seal the records of a criminal conviction is whether the applicant is qualified for 'first offender' status."

{¶ 20} "First Offender" is defined in R.C. 2953.31(A) as follows:

{¶ 21} "'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may

decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."

{¶ 22} One of the requirements for expungement pursuant to R.C. 2953.32 is that the defendant be a "first offender." R.C. 2953.32(A)(1), (C)(1)(a), and (C)(2). Clearly, defendant is *not* a first offender because, before being convicted in September 2008 in Dayton Municipal Court of public indecency, defendant was convicted in July 2008 in Fairborn Municipal Court of an unrelated offense, disorderly conduct. Therefore, defendant does not qualify for expungement under R.C. 2953.32.

{¶ 23} In granting defendant's application to seal the record of his public-indecency conviction, the trial court noted that defendant had made a compelling argument of undue hardship and that the court was relying upon *State v. Hilbert* (2001), 145 Ohio Ap.3d 824, wherein the Eighth District Court of Appeals held that the trial court must liberally construe the expungement statute (R.C. 2953.32) so as to promote the legislative purpose of allowing expungements. Id., at 827. *Hilbert* does not, however, stand for the proposition that the expungement statute, R.C. 2953.32, should be construed so liberally in favor of the applicant as to ignore or excuse eligibility requirements for expungement, including not being a first offender. If an applicant for expungement is not a first offender, the court lacks jurisdiction to grant expungement, and any such order is void. *State v. Thomas* (1979), 64 Ohio App.2d 141, 144; *State v. Winship*, Franklin App. No. 04AP-384, 2004-Ohio-6360, at ¶ 9.

{¶ 24} Defendant complains that the prosecutor, acting on behalf of the state of Ohio, failed to file an "objection" allowed by R.C. 2953.32(B). However, written objections by the prosecutor are not required. The purpose of the requirement is to set the grounds for the objection before the court. *State v. Hamilton* (1996), 75 Ohio St.3d 636. In this case, at the initial hearing on April 8, 2011, the prosecutor objected to granting defendant's application because he is not a first offender. We deem that action to satisfy the prosecutor's obligation to object imposed by R.C. 2953.32(B).

{¶ 25} Because defendant does not qualify as a first offender, he is not eligible for expungement of his public-indecency conviction. The trial court erred when it ordered expungement of the record of that conviction.

{¶ 26} The state's sole assignment of error is sustained. The judgment of the trial court granting defendant's application to seal the record of his public-indecency conviction will be reversed and vacated.

Judgment reversed.

DONOVAN, and HALL, JJ., concur.