[Cite as *State v. Porter*, 2012-Ohio-5541.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                       :          C.A. CASE NO.    2012 CA 4

v.                                               :          T.C. NO.    01CR92

SHIRLEY PORTER                                   :          (Criminal appeal from
                                                            Common Pleas Court)
      Defendant-Appellant                      :

                                                 :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____30th____ day of ____November____, 2012.

· · · · · · · · · ·

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Prosecuting Attorney, Courthouse, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

SHIRLEY PORTER, 2365 W. First Street, Lot 40, Springfield, Ohio 45504
      Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

      **{¶ 1}** Shirley Porter, pro se, appeals from a judgment of the Champaign County Court of Common Pleas, which denied her application to seal the record of her

forgery convictions. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In May 2001, Porter was indicted on one count of theft and five counts of forgery, all fifth degree felonies. The charges arose from Porter's stealing the purse of a woman and writing checks from that woman's account to pay for purchases at several stores in Urbana, Springfield, and Bellfontaine, Ohio. Porter subsequently pled guilty to five counts of forgery; as part of her plea, the theft charge was dismissed.

{¶ 3} In October 2001, after a presentence investigation, the trial court orally sentenced Porter to three years of community control, which included an order that she pay restitution of $1,075.93. The court also imposed a $100 fine and ordered her to pay court costs. The trial court's sentence was formalized in a Journal Entry of Judgment, Conviction and Sentence filed on January 14, 2002.[1] Porter successfully completed her community control in October 2004.

{¶ 4} In September 2011, Porter filed an Application for Sealing Record of Conviction, seeking to seal the record of her forgery convictions. A hearing on the application was held on December 12, 2011. At the hearing, the State raised questions about Porter's eligibility for sealing the record of her convictions. The prosecutor noted that Porter had a prior domestic violence conviction from 1982 and that she was convicted of five counts of forgery, which the State argued should not be counted as one conviction under R.C. 2953.31(A). Porter responded that she had not had any legal trouble since the forgery convictions and that she needed the convictions sealed so that she could "seek employment,

---

[1] The trial court subsequently issued two orders, which aimed to correct the names of the restitution payees and the total amount of restitution owed.

go to school, do something productive with my life." When asked about her prior conviction, Porter agreed that she had previously been convicted of domestic violence. She stated that she was told that she could have been sentenced to six months in prison and a $1,000 fine, but she was only required to pay a small fine.

{¶ 5} In January 2012, the trial court denied Porter's application.

{¶ 6} Porter appeals from the denial of her application to seal the record of her forgery convictions. She does not state a specific assignment of error, but she argues that the trial court should have granted her application.

{¶ 7} The sealing of a record of a criminal conviction "is a privilege, not a right." *State v. Stephens,* 195 Ohio App.3d 724, 2011-Ohio-5562, 961 N.E.2d 734, ¶ 8 (2d Dist.), citing *State v. Simon,* 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000). Therefore, an application to seal the record of a conviction should be granted only when all of the statutory requirements for eligibility are met. *Id.*

{¶ 8} Generally, we review the trial court's decision on an application to seal the record of conviction for an abuse of discretion. When the decision is based on an interpretation of the sealing of records statute, we review the court's interpretation without any deference to the trial court. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

{¶ 9} When Porter filed her application, R.C. 2953.32 provided that a "first offender" could apply to the trial court for the sealing of the offender's conviction.[2] Where the offender committed a felony, the application could be filed no sooner than three years

---

[2] The sealing of records statute was amended, effective September 28, 2012, in S.B. 337.

after the offender's final discharge.   R.C. 2953.32(A)(1).

{¶ 10}   In addressing the application, the trial court was required to (1) determine whether the applicant was a first offender within the meaning of R.C. 2953.31, (2) determine whether criminal proceedings were pending against the applicant, (3) if the offender were a first offender, determine whether the offender had been rehabilitated, (4) if the prosecutor objected to the application, consider any reasons against granting the application, and (5) weigh the interests of the applicant against the legitimate needs of the government to maintain the record of the conviction.   R.C. 2953.32(C)(1).

{¶ 11}   Former R.C. 2953.31(A) defined a "first offender" as someone "who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."[3]   The statute further discussed when multiple convictions were to be counted as a single conviction.   It stated:

> When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction.   When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were

---

[3]Under the current version of the statute, the trial court must determine whether the applicant is an "eligible offender," which is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction."   R.C. 2953.31(A). Whether Porter meets this revised definition is not before us.

committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

R.C. 2953.31(A).

{¶ 12} In its ruling, the court found that (1) the proper time period had passed since Porter's conviction and final discharge, (2) no criminal proceedings were pending against Porter, (3) the prosecutor objected to the granting of the petition, (4) Porter's convictions for forgery resulted from the same indictment and plea of guilty and resulted from related criminal acts that were committed within a three-month period, but did not result from the same act or from offenses committed at the same time, (5) it was not in the public interest for the forgery convictions to be counted as one conviction, (6) Porter had a 1982 domestic violence conviction in Champaign County Municipal Court, and (7) Porter was not a first-time offender.

{¶ 13} Porter did not qualify as a "first offender" under R.C. 2953.31(A), because she was convicted of misdemeanor domestic violence in 1982, as she acknowledged at the hearing on her application. Although it was a misdemeanor offense for which she received only a fine as punishment, that conviction rendered her statutorily ineligible to seal her 2001 convictions for forgery. The trial court correctly denied Porter's application because she was not a first offender.

{¶ 14} Given that Porter was not a first offender and thus not eligible to have the

record of her forgery convictions sealed under the former version of the statute, we need not address the trial court's other findings.

{¶ 15}   Porter's assignment of error is overruled.

{¶ 16}   The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Nick A. Selvaggio
Shirley Porter
Hon. Roger B. Wilson