[Cite as *State v. Gaines*, 2019-Ohio-5003.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

Court of Appeals No. H-19-004

Appellee

Trial Court No. CRI 20110712

v.

Joseph P. Gaines

**DECISION AND JUDGMENT**

Appellant

Decided:  December 6, 2019

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Joseph Gaines, appeals the judgment of the Huron County Court of Common Pleas, denying his motion to seal criminal conviction.  Because we find that the trial court abused its discretion in denying the motion, we reverse.

2.

## A. Facts and Procedural Background

{¶ 2} On March 20, 2012, appellant was sentenced to 90 days in jail following his guilty plea to one count of burglary in violation of R.C. 2911.11(A)(4), a felony of the fourth degree. Appellant's conviction stemmed from an incident that took place on August 13, 2011, in which appellant forced his way into his ex-wife's residence and proceeded to attack his ex-wife's boyfriend.

{¶ 3} On January 11, 2019, after successfully completing his jail sentence and his term of community control, appellant filed a motion to seal his burglary conviction with the trial court. In his motion, appellant noted that he had "led a law abiding life and been a productive member of society." Appellant went on to insist that the conduct that gave rise to his burglary conviction was "not representative of the person that he is and has been for well over 7 years since this conviction."

{¶ 4} On January 23, 2019, the state filed its response to appellant's motion, in which the state acknowledged that appellant has not had any subsequent criminal convictions and therefore meets the statutory definition of an "eligible offender" under R.C. 2953.31. Thus, the state indicated in its written memorandum that it did not oppose the sealing of appellant's burglary conviction.

{¶ 5} Thereafter, the trial court set the matter for a "non-oral hearing" on February 7, 2019. In its scheduling order, the trial court indicated that "[c]ounsel and parties are not required to attend non-oral hearings."

3.

{¶ 6} On February 12, 2019, the trial court issued its decision on appellant's motion, the entirety which reads as follows:

This matter is before the court on Defendant's Motion to Seal Criminal Conviction.

The Defendant was convicted of Burglary where a weapon was involved and threat of harm was made.

Based upon these facts, the Court finds that it is not currently in the public interest to grant the Defendant's request.

Therefore, it is hereby ordered, adjudged and decreed that Defendant's Motion to Seal Criminal Conviction is denied.

{¶ 7} Following the trial court's denial of his motion, appellant filed his timely notice of appeal.

## B. Assignment of Error

{¶ 8} On appeal, appellant assigns the following error for our review:

The trial court erred and abused its discretion in denying appellant's motion to seal his criminal conviction.

## II. Analysis

{¶ 9} In his sole assignment of error, appellant contends that the trial court erred in denying his motion to seal his burglary conviction.

{¶ 10} "Expungement of a criminal record is an 'act of grace created by the state.'" *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 12,

4.

quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). "It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.'" *Id.*, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. We review the trial court's denial of a motion to seal a conviction under R.C. 2953.52 for an abuse of discretion. *State v. H.M.*, 8th Dist. Cuyahoga No. 106513, 2018-Ohio-2946, ¶ 14, citing *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, ¶ 10. An abuse of discretion implies that the trial court ruling was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} Under R.C. 2953.32(A)(1), an eligible offender may apply to the sentencing court for the sealing of the record of the case that pertains to the conviction.[1] The procedure that trial courts must follow upon the filing of a motion to seal is set forth in R.C. 2953.32(B) and (C), which states, in relevant part:

> (B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct

---

[1] The state does not dispute that appellant is an "eligible offender" as that term is defined in R.C. 2953.31.

5.

its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. * * *

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to

maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court * * * shall order all official records of the case that pertain to the conviction * * * sealed and * * * all index references to the case that pertain to the conviction or bail forfeiture deleted * * *.

{¶ 12} Here, appellant argues that the trial court abused its discretion when it denied his motion without holding a hearing or complying with the requirements set forth in R.C. 2953.32(C). In particular, appellant asserts that the trial court failed to determine whether he had been rehabilitated or weigh appellant's interests against the government's interests, as it was required to do under R.C. 2953.32(C)(1)(c) and (e), respectively.

{¶ 13} In response, the state leans heavily on the abuse of discretion standard, insisting that the trial court "did not abuse its significant latitude for discretion, because it decided that the state's interest outweighed that of the Appellant's, pursuant to R.C. 2953.32(C)(1)(e), because of the facts that a weapon was used, and a threat of harm made." Notably, the state did not argue that appellant's motion should be denied before the trial court, nor did it raise the issue of appellant's use of a weapon as a factor that should weigh against granting the motion.

{¶ 14} We begin our analysis by examining appellant's passing reference to the trial court's failure to hold a hearing before rendering its decision on the motion to seal. The Supreme Court of Ohio has articulated that the purpose of an expungement hearing

"is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement." *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996).

{¶ 15} Ohio courts have found that "once an offender files an application to seal his records under R.C. 2953.32, a hearing is mandatory." *See e.g., State v. Matthews*, 6th Dist. Wood No. WD-14-059, 2015-Ohio-3517 (finding that the trial court's failure to hold a hearing in an expungement hearing in which the defendant's eligibility was in dispute constitutes reversible error); *State v. Wright*, 191 Ohio App.3d 647, 2010-Ohio-6259, 947 N.E.2d 246, ¶ 9 (3d Dist.) ("once an offender files an application to seal his records under R .C. 2953.32, a hearing is mandatory"); *State v. D.L.*, 2d Dist. Montgomery No. 26394, 2015-Ohio-1664, ¶ 12 ("trial court errs when it fails to conduct a hearing on an application for sealing a record of conviction, as required by R.C. 2953.32(B)"); *State v. M.S.*, 8th Dist. Cuyahoga No. 98892, 2013-Ohio-828, ¶ 11 ("a hearing is mandatory in an application for expungement, and a failure by the trial court to hold a hearing is grounds for reversal"); *State v. Grillo*, 2015-Ohio-308, 27 N.E.3d 951, ¶ 39 (5th Dist.) ("A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing."). However, some courts have found that a hearing is not required in certain situations, none of which apply in this case. *See State v. Clark*, 4th Dist. Athens No. 11CA8, 2011-Ohio-6354 (holding that a hearing was not required where the offender conceded that he had a prior conviction and there were no factual questions related to his eligibility); *In re Application for Sealing of Records of*

8.

*McBride*, 10th Dist. Franklin Nos. 13AP-658, 13AP-680, 2013-Ohio-5718 (finding that a hearing was not required where defendant's second motion to seal was barred by res judicata);

{¶ 16} In this case, the trial court denied appellant's motion without holding an oral hearing. The trial court's "non-oral hearing" is not a sufficient replacement for the oral hearing required under R.C. 2953.32. *State v. Bootes*, 10th Dist. Franklin No. 10AP-691, 2011-Ohio-1605, ¶ 10 (holding that the trial court erred in granting the defendant's motion "without first holding an oral hearing"). Further, the trial court's decision fails to articulate whether it even considered the factors under R.C. 2953.32(C) with respect to whether appellant was eligible, whether any criminal proceedings were pending against him, whether appellant was rehabilitated, whether there were any reasons against granting appellant's motion, or whether the government's interest in maintaining a record of appellant's conviction outweighed appellant's interest in having the conviction sealed.

{¶ 17} Appellant suggests that the trial court denied his motion merely based upon the nature of the offense for which he was convicted. Appellant's position is supported by the minimal language in the trial court's decision, which merely recites the fact that appellant "was convicted of Burglary where a weapon was involved and threat of harm was made." Courts have held that a trial court "cannot categorically deny an application for expungement based solely on the nature of the offense." *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 12, citing *State v. Bates*, 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260, ¶ 26 (cannot deny an application for expungement

9.

pursuant to R.C. 2953.32 because of the nature of the offense); *In re Dumas*, 10th Dist. Franklin No. 06AP1162, 2007-Ohio-3621 (reversing court's denial of R.C. 2953.52 expungement application where court categorically denied expungement involving first- and second-degree felonies); *State v. Poole*, 5th Dist. Perry No. 10-CA-21, 2011-Ohio-2956 (a trial court cannot summarily and categorically deny an application for expungement based on the nature of the offense). Rather, a trial court must make the required findings required by R.C. 2953.32, which the court in this case failed to do.

{¶ 18} Because the trial court failed to hold an oral hearing in this case or to make the findings required under R.C. 2953.32, we find that its denial of appellant's motion to seal criminal conviction was an abuse of discretion. Accordingly, we find appellant's assignment of error well-taken.

### III. Conclusion

{¶ 19} Having found that the trial court erred below, we reverse the trial court's denial of appellant's motion to seal criminal conviction, and we remand this matter to the trial court. On remand, the trial court shall make a decision on appellant's motion after conducting an oral hearing in compliance with R.C. 2953.32, and upon its consideration of, and determination as to, the factors set forth in R.C. 2953.32(C).

{¶ 20} The state is hereby ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Thomas J. Osowik, J. _____

Gene A. Zmuda, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.