**[Cite as *State v. Kirkland*, 2021-Ohio-870.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-469 |
| | : | |
| MATTHEW KIRKLAND | : | (Appeal from Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 19th day of March, 2021.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

ANDREW R. PRATT, Atty. Reg. No. 0063764 & KEVIN M. DARNELL, Atty. Reg. No. 0095952, 18 East Water Street, Troy, Ohio 45373
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Matthew Kirkland was convicted in 2006 of attempted corrupting another with drugs, and he was sentenced to one year in prison. More than a decade later, Kirkland filed a motion to seal the record of his conviction, stating that he had been rehabilitated and that his interest in having it sealed outweighed the State's interest in maintaining it. After a hearing on the matter, the trial court denied the application to seal, prompting Kirkland's appeal. For the reasons that follow, the trial court's judgment will be affirmed.

## I.      Facts and Procedural History

{¶ 2} In September 2005, Kirkland was indicted on one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(3), a felony of the second degree. The charges stemmed from an Ecstasy overdose death, in which Kirkland was the supplier. After reaching a plea agreement with the State, Kirkland pled no contest to attempted corrupting another with drugs, was found guilty, and served his one-year sentence.

{¶ 3} In February 2019, Kirkland filed an application to seal his record. A hearing was held on the request in April 2019, but the trial court ultimately denied the application. Represented by new counsel, Kirkland filed a second motion to seal the record in May 2020. The State did not file a written objection at the time.

{¶ 4} The matter was set for a hearing on June 22, 2020. At the hearing, the court heard testimony from Kirkland, who testified that since his conviction and subsequent release from prison, he had led a law-abiding life. Kirkland stated that he had gotten married, was raising a family, had completed his undergraduate degree, was gainfully

employed, and was only a few credits away from earning his MBA. He further testified that he intended to start a non-profit if his record was sealed.

{¶ 5} The State was also heard at the hearing. The prosecutor conveyed that while she appreciated the steps Kirkland had taken to turn his life around, the State opposed the motion because the crime and its results were so serious that the government had a strong interest in maintaining the record.

{¶ 6} A few weeks later, the court issued a written decision denying the application to seal. Kirkland now raises a single assignment of error.

## II.    Application to Seal the Record

{¶ 7} In Kirkland's assignment of error, he argues that the trial court abused its discretion when it denied his motion to seal the record.

{¶ 8} R.C. 2953.32 sets forth the requirements for sealing a conviction. The court must first determine whether the applicant is eligible and that there are no criminal proceedings pending. R.C. 2953.32(C)(1)(a)-(b). Then, the court must determine whether the applicant has been satisfactorily rehabilitated. R.C. 2953.32(C)(1)(c). If the prosecutor has filed an objection, the court then must consider the reasons against granting the application given by the State. R.C. 2953.32(C)(1)(d). Finally, the court weighs the interest of the applicant in having the record sealed against the government's interest in maintaining the record. R.C. 2953.32(C)(1)(e). The burden is on the applicant to demonstrate that his interest in having the record sealed was "equal to or greater than the government's interest in maintaining those records." *State v. Capone*, 2d Dist. Montgomery No. 20134, 2004-Ohio-4679, ¶ 5.

{¶ 9} If the court finds that sealing the applicant's record is appropriate, "[t]he proceedings in the case that pertain to the conviction * * * shall be considered not to have occurred and the conviction * * * shall be sealed." R.C. 2953.32(C)(2).

{¶ 10} "The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated." *State v. Inscho*, 2019-Ohio-809, 132 N.E.3d 1265, ¶ 11 (2d Dist.). It is, however, an "act of grace" created by the State – a privilege not a right – and it should only be granted when all eligibility requirements are met. *Id.*

{¶ 11} An appellate court reviews a lower court's decision with respect to expunging and sealing the record under an abuse of discretion standard. *Id.* at ¶ 12. The term abuse of discretion means that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). Rather, a reviewing court "must be guided by a presumption that the findings of the trial court are correct." *Focke v. Focke*, 83 Ohio App.3d 552, 555, 615 N.E.2d 327 (2d Dist.1992).

{¶ 12} In this case, Kirkland makes several specific arguments under the broader abuse of discretion umbrella. His first contention is that the trial court should not have considered the State's objections at the hearing because it did not first raise them in writing ahead of time. He is mistaken.

{¶ 13} R.C. 2953.32(B) states that "the prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing." Kirkland reads the statute to mean that if the State does not object ahead of time, it is

prohibited from raising an objection at the hearing. The Ohio Supreme Court has held otherwise.

{¶ 14} In *State v. Hamilton*, 75 Ohio St.3d 636, 665 N.E.2d 669 (1996), David Hamilton was convicted of theft, and after waiting the requisite amount of time according to the statute, he applied to have the record of his conviction sealed. *Id.* at 636. Without filing an objection to the application prior to the hearing, the prosecutor appeared in court, cross-examined Hamilton, and then urged the court to deny the application. *Id.* The Ohio Supreme Court concluded that the purpose of the "written objection" language in R.C. 2953.32(B) was not to give a defendant advanced notice of a forthcoming argument of the State and that "the process due an applicant for expungement does not include advanced notice of the specific issues and facts underlying a prosecutor's objection or even notice that the state opposes the sealing of the record." *Id.* at 639-640. "[A] prosecutor's participation in a hearing on an application to seal the record of a conviction is not limited to issues specified by the prosecutor in a written objection filed pursuant to R.C. 2953.32(B)." *Id.* at 641. *See also State v. Stephens*, 195 Ohio App.3d 724, 2011-Ohio-5562, 961 N.E.2d 734, ¶ 24, (2d Dist.) ("written objections by the prosecutor are not required").

{¶ 15} Here, the prosecutor, at the hearing, stated that she did not receive advanced notice of Kirkland's letter, but based on the crime itself and the death it caused, she believed that there was a significant government interest in maintaining the record. We deem the State's oral statement at the hearing to be sufficient. No written notice was necessary.

{¶ 16} Kirkland also claims that the trial court abused its discretion when it weighed

several factors against him that he believes should have been weighed in his favor – the major one being that the court found the government's interest in maintaining the record outweighed his interest in having it sealed. At the hearing, Kirkland's attorney argued that Kirkland's marriage and family life were going well, that his professional life was thriving (he had just received a promotion), and that he was only two semesters away from completing his MBA. But, he claimed that, once Kirkland received his MBA, it would be much more difficult to obtain employment in his chosen field or to further his career with a felony record. It was also mentioned that Kirkland wanted to start a non-profit but would be unable to do so with a felony conviction.

{¶ 17} The court, though, found that Kirkland's family, educational, and career success demonstrated that he had not been hampered by his criminal record. Further, the court noted that the drug and opioid epidemic remained a major problem in Ohio, and the focus from the legal system was on the people providing the drugs, like Kirkland. Finally, the trial court cited *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981) for the proposition that "the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, outweighs any privacy interest the defendant may assert." *Id*. at 377.

{¶ 18} The burden was on Kirkland to demonstrate that his record should be sealed. The trial court did not believe he met that threshold, and there is nothing in the record before us that indicates the court abused its discretion. The trial court fashioned a reasoned, written decision denying Kirkland's request, and we will not disturb it.

{¶ 19} The assignment of error is overruled.

{¶ 20} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and HALL, J., concur.


Copies sent to:

Janna L. Parker
Andrew R. Pratt
Kevin M. Darnell
Hon. Stacy M. Wall