[Cite as *State v. Gaines*, 2021-Ohio-1439.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                      Court of Appeals No. H-20-009

      Appellee                Trial Court No. CRI 2011 0712

v.

Joseph P. Gaines             **DECISION AND JUDGMENT**

      Appellant              Decided:  April 23, 2021

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney,
for appellee.

Loretta Riddle, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Before the court is defendant-appellant, Joseph Gaines' appeal of the March 20, 2020 judgment of the Huron County Court of Common Pleas, which denied his motion to seal the record of his criminal conviction.  For the reasons that follow, we affirm.

{¶ 2} On September 16, 2011, appellant was indicted on one count of aggravated burglary, a first-degree felony.  The facts surrounding the charge were that on August 13, 2011, appellant forced his way into his ex-wife's home and physically attacked her boyfriend.  After he returned to his vehicle and was leaving the residence, appellant pointed a handgun at the boyfriend.

{¶ 3} Appellant entered a guilty plea to one count of burglary, a fourth-degree felony and was sentenced to three years of community control.  Appellant's community control was successfully terminated on August 6, 2014.

{¶ 4} On January 11, 2019, appellant filed a motion to seal his criminal conviction.  Appellant stated that he qualified to have his conviction record sealed under R.C. 2953.32, the matter was his only felony conviction, and that he had led a law-abiding life since the incident.  In the state's response, it agreed that appellant was an eligible offender, had not had any subsequent criminal convictions, and stated that it did not oppose the motion.

{¶ 5} Following a "non-oral hearing," on February 12, 2019, the trial court denied the motion stating:

> The Defendant was convicted of Burglary where a weapon was involved and a threat of harm was made.
>
> Based upon these facts, the Court finds that it is not currently in the public interest to grant the Defendant's request.

2.

{¶ 6} Reversing on appeal, on December 6, 2019, this court found that the trial court erred when it failed to hold a hearing on appellant's motion and failed to articulate the findings required under R.C. 2953.32. *See State v. Gaines*, 6th Dist. Huron No. H-19-004, 2019-Ohio-5003 (*Gaines I*). The matter was remanded to the trial court.

{¶ 7} The hearing on remand was held on March 19, 2020. Appellant, pro se at the hearing, expressed regret regarding the incident and requested a second chance. Appellant stated that his felony record has made it difficult to obtain "good" jobs. Appellant further stated that he desired the ability to have a weapon to hunt and for personal and family protection.

{¶ 8} The state then indicated:

> In reference to what Mr. Gaines had told the Court, the events of that August of 2011 incident, I guess where it became concerning to the State and certainly heightened, it's not necessarily the [p]ugilism that happened within the residence, I don't think it's unexpected that given the time line of both the divorce and the dynamics between Mr. Gaines and Mr. R[.] * * *.

> Where it does become concerning is when threats are intimated with a firearm. I think that would be the paramount concern when the Court makes its determination under – yeah, the factors under 2953.31. I don't know if the State has anything more other than it stands by what it filed January 29th of last year, and in its response brief in the appeal.

3.

**{¶ 9}** The court then stated:

[T]here was an incident where you broke into the home, that you assaulted the victim in the case, because that was the current boyfriend to your ex-spouse, that that altercation ended once he had forced you out of the home, that you then went to your car. The incident indicated it was escalated at that point by your retrieving a gun at that point, and pointing it at the victim. The victim indicated that you pointed it at his chest.

The Court would indicate here, it would not be unusual for me to take a look at sealing a record. I'm not doing it based on the offense itself, here a felony four burglary. It's not the most serious offense that comes before the Court; however, the fact pattern here certainly fits a felony of the second degree burglary, which you wouldn't be eligible for expungement for. I understand because of your lack of prior record and the incident not resulting in harm that it may have been reasonable at the time to reduce that charge to a felony of the fourth degree, but the fact pattern is one in which the Court believes that here, obviously, your temper or emotions got the best of you. It resulted in a physical altercation, then you escalated that by use of a weapon at the tail end of it.

* * * I have no reason to believe that you haven't been a good citizen since then. I think that you have rehabilitated yourself as well, and certainly, hope that to be the case. You would otherwise be eligible under

the statute. The prosecutor has indicated an objection to it, and I think I'm in line with that objection as well, more for the public's interests as opposed to anything that's directed directly at you.

Certainly, I think that there is an interest for folks that might be either neighbors or future spouses or ex-spouses that they should, if they investigate, be able to know that this kind of incident occurred, * * *.

I also think that it's probably in the public's best interest that you not be someone that possesses a weapon given those past tendencies. One of my jobs is to help protect the public interest, and I believe that that interest outweighs any personal gain that would be resolved by the sealing of the record.

So at this point, the Court's going to deny the motion, which I understand why you filed it. I'm not saying you haven't done the things that would otherwise typically result in an F-4 burglary being expunged. Unfortunately, I don't see this as a typical F-4 burglary, because of the actual nature of the offense.

{¶ 10} The judgment entry denying the motion was filed on March 20, 2020. The court first noted that "[t]he Prosecutor opposed the request and focused his argument on the physical violence and the firearm involved in the offense." Mirroring its pronouncement at the hearing, the court then stated that the government and public interest outweighed appellant's interest in having the conviction sealed. It reasoned:

5.

While the Defendant's conviction was an F-4 Burglary, the underlying actions in accordance with the victim's statement and police report reveal the incident was very serious. The Defendant broke into the home where he confronted his ex-wife's boyfriend and physically assaulted him while he was in bed. The victim managed to fight off the Defendant and forced him out of the home at which time the Defendant went to his car and got a gun ou[t] and pointed it at the victim's chest. Viewing this in connection with the Defendant's prior drug conviction, the Court finds that the request should be denied.

{¶ 11} This appeal followed with appellant raising the following assignments of error:

I. The trial court erred and abused its discretion in denying appellant's motion to seal his criminal conviction.

II. The state committed misconduct and prejudiced Mr. Gaines' right to a fair hearing.

{¶ 12} Appellant's first assignment of error presents four arguments. Appellant argues that the court erred when it allowed the state to object to his motion at the hearing contrary to the state's written response. Appellant argues that the court further erred in relying on the improper objection in denying appellant's motion. Next, appellant contends that the court erroneously relied on the "nature of the offense" in denying the

motion.  Finally, appellant argues that the court improperly considered his offense a second-degree felony because a weapon was involved.

{¶ 13} As set forth in *Gaines I*:

> "Expungement of a criminal record is an 'act of grace created by the state.'"  *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996).  "It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.'"  *Id.*, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.  We review the trial court's denial of a motion to seal a conviction under R.C. 2953.52 for an abuse of discretion.  *State v. H.M.*, 8th Dist. Cuyahoga No. 106513, 2018-Ohio-2946, ¶ 14, citing *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, ¶ 10.  An abuse of discretion implies that the trial court ruling was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Gaines*, 6th Dist. Huron No. H-19-004, 2019-Ohio-5003, at ¶ 10.

{¶ 14} Appellant's first argument is that the court erred by allowing the state to present an objection to the motion at the hearing when its written response indicated that it did not object to the sealing of the conviction.  R.C. 2953.32(B) provides in relevant part that "the prosecutor may object to the granting of the application by filing an

objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified."

{¶ 15} Within this argument, appellant distinguishes the scenario where the state fails to provide a written objection then orally objects at the hearing. *Hamilton*, 75 Ohio St.3d 636. In *Hamilton*, the defendant applied to have the record of his conviction sealed. *Id.* at 636. Without filing an objection to the application prior to the hearing, the prosecutor appeared in court, cross-examined the defendant, and then urged the court to deny the application. *Id.* at 636-637. The Ohio Supreme Court held that the purpose of the "written objection" language in R.C. 2953.32(B) was not to give a defendant advanced notice of an argument of the state and that "the process due an applicant for expungement does not include advanced notice of the specific issues and facts underlying a prosecutor's objection or even notice that the state opposes the sealing of the record." *Id.* at 639-640. The court further noted that "a prosecutor's participation in a hearing on an application to seal the record of a conviction is not limited to issues specified by the prosecutor in a written objection filed pursuant to R.C. 2953.32(B)." *Id.* at 641. *See also State v. Stephens*, 195 Ohio App.3d 724, 2011-Ohio-5562, 961 N.E.2d 734, ¶ 24 (2d Dist.).

{¶ 16} We agree that the facts in *Hamilton* differ from the precise issue herein; however, we find the reasoning instructive. The *Hamilton* court noted that expungement hearings are premised on information gathering, not an adversary model which would trigger due process protections. *Id.* at 640. Specifically, the court noted that "the process

8.

due an applicant for expungement does not include advanced notice of the specific issues and facts underlying a prosecutor's objection or even notice that the state opposes the sealing of the record." *Id.*

{¶ 17} Reviewing the record, while the state initially expressed that it had no objection to the application, in its appellate response brief filed in *Gaines I*, it clearly aligned with the court's concerns regarding the weapon displayed by appellant during the course of the events. Further, as stated in *Hamilton*, expungement proceedings are an information gathering process; prior notice of the objection was not required.

{¶ 18} Appellant further contends that the court erroneously relied on the state's improper objection in denying the application to seal. We reject this argument as the state was permitted to raise an objection at the hearing.

{¶ 19} Appellant next argues that the trial court erred when it denied his motion based solely on the nature of the offense. At a hearing held pursuant to R.C. 2953.32(B):

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

{¶ 20} The parties do not dispute appellant's status as an eligible offender and agree that no criminal proceedings were pending against appellant. The court further found that appellant had been sufficiently rehabilitated.

{¶ 21} As to appellant's argument, Ohio courts have recognized that "a court cannot deny an application solely on the nature of the offense." *State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420, ¶ 21. There must exist a legitimate interest in maintaining the applicant's criminal record "other than the circumstances and nature of the crime * * *." *Id.* at ¶ 23. *See State v. S.C.*, 6th Dist. Lucas No. L-20-1104, 2021-Ohio-366, ¶ 13. While the nature of the offense cannot be the sole basis to deny a motion to seal a criminal record, consideration of the circumstances surrounding an offense may support substantial police and public interest in maintaining the records. *State v. Reiner*, 8th Dist. Cuyahoga No. 103775, 2016-Ohio-5520, ¶ 15-16.

10.

{¶ 22} As set forth above, under R.C. 2953.32(B), the court is required to consider whether the defendant has been rehabilitated, and the reasons for the request to seal the record. *State v. S.E.J.*, 8th Dist. Cuyahoga No. 105883, 2018-Ohio-2060. In *S.E.J.*, the defendant was convicted of two misdemeanors involving the improper handling of a weapon. The next year, she was convicted of a fifth-degree felony for carrying a concealed weapon, her registered weapon, in her purse. She requested that the conviction be sealed because she was unable to, after obtaining the education needed to work in the nursing field, obtain full-time employment at a licensed nursing facility. *Id.* at ¶ 3. The court denied the application finding, in part, that having a firearm, especially with children, is dangerous. *Id.* at ¶ 11.

{¶ 23} Reversing the trial court and ordering that the record be sealed, the appellate court noted that the defendant established her rehabilitation. As to the state's interest, it noted that the court's statements about shootings in the community was inapposite because the offense did not involve a shooting. Further, the statement about owning guns with children was irrelevant because the defendant's stated purpose for her request was to obtain employment, not own a gun. *Id.* at ¶ 13.

{¶ 24} Unlike *S.E.J.*, in the present matter the court specifically found that appellant had been rehabilitated. Further, appellant recited only vague employment reasons supporting his desire that the record be sealed and his desire to be permitted to have weapons for hunting and personal protection. The court then noted the interest a future romantic partner or neighbor may have in knowing the circumstances of the

11.

offense. The court then concluded that it was in the public's best interest that appellant not possess a weapon. Finally, the court referenced a prior drug conviction. Reviewing the proceedings, we conclude that the court did not erroneously deny the motion based solely on the nature of the offense.

{¶ 25} Appellant's final argument is that the court erroneously viewed his felony as a second-degree, rather than a fourth-degree felony. As discussed above, it is permissible for the court to consider the nature of the offense in its determination of whether to seal a defendant's conviction. Further, many of these cases involve plea agreements where the facts surrounding a defendant's criminal charge would support a higher-degree felony conviction.

{¶ 26} Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion to seal his criminal conviction. Appellant's first assignment of error is not well-taken.

{¶ 27} Appellant's second assignment of error argues that the state committed prosecutorial misconduct by initially not objecting to the motion to seal and then objecting to it at the hearing. In order to prove prosecutorial misconduct, the relevant questions are (1) whether the prosecutor's remarks actually were improper, and (2) if they were, whether any of the defendant's substantial rights were adversely affected. *State v. Coleman*, 2016-Ohio-7335, 72 N.E.3d 1086, ¶ 36 (6th Dist.), citing *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990).

12.

{¶ 28} In our discussion above, we concluded that the prosecutor was permitted to raise any concerns during the hearing.  Further, because the court's sealing of a criminal record is considered an "act of grace," and a "privilege not a right," *Gaines*, 6th Dist. Huron No. H-19-004, 2019-Ohio-5003, at ¶ 10, any improper comments would not have affected a "substantial right" or denied appellant a fair trial.  Appellant's second assignment of error is not well-taken.

{¶ 29} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                                        JUDGE

Christine E. Mayle, J.              

Myron C. Duhart, J.                  _____
CONCUR.                                                  JUDGE

_____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.