[Cite as *State v. Ansari*, 2021-Ohio-1747.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-20-021

     Appellee                            Trial Court No. 2003 CR 0385

v.

 Haroon R. Ansari                       **DECISION AND JUDGMENT**

     Appellant                           Decided:  May 21, 2021

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Jeremy W. Levy, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In this accelerated appeal, defendant-appellant, Haroon R. Ansari, appeals

the September 21, 2020 judgment of the Erie County Court of Common Pleas, denying

his application to seal his record of conviction.  For the following reasons, we reverse and

remand.

## I. Background

{¶ 2} On August 13, 2003, Haroon Ansari was charged in a two-count indictment with (1) pandering obscenity, a violation of R.C. 2907.32(A)(1), a fifth-degree felony (Count 1), and (2) pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(1), a second-degree felony (Count 2). On April 27, 2004, he entered a plea of no contest to the amended charge of attempted pandering obscenity, a violation of R.C. 2907.32(A)(1) and 2923.02(A), a first-degree misdemeanor. The trial court found Ansari guilty and imposed a fine of $1,000, which it suspended, and a jail term of six months, suspended on the condition of three years' good behavior. Count 2 was dismissed. Ansari's conviction and sentence were memorialized in a judgment journalized on May 20, 2004.

{¶ 3} Fifteen years later, on May 22, 2019, Ansari moved to seal his record of conviction. He asserted that he completed all the requirements imposed by the court and has maintained "a most exemplary course of conduct" since his conviction. He argued that sealing his record of conviction is critical to his ability to pursue future employment opportunities and to play a more active role in his community.

{¶ 4} The state opposed Ansari's motion. It claimed (based on an outdated version of R.C. 2953.31[1]) that Ansari is not eligible to have his record of conviction

---

[1] Until October 28, 2018, R.C. 2953.31(A) defined "eligible offender" to include "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, *not more than two misdemeanor convictions*, or not more than one felony conviction and one misdemeanor conviction in this state or any

2.

sealed because he has more than two misdemeanor convictions. It argued (without citation) that the attempted pandering obscenity conviction is a sex offense that is not expungeable. And it alleged (without attaching any exhibits or affidavits) that Ansari has outstanding warrants in Maryland and Michigan, rendering expungement unavailable.

{¶ 5} On September 21, 2020, the trial court denied Ansari's motion "based on the reason's [sic] set forth in the State's responses."

{¶ 6} Ansari appealed. He assigns two errors for our review:

> **Assignment of Error No. 1** Trial Court Improperly Relied on State's Contention that Appellant is Not an "Eligible Offender".
>
> **Assignment of Error No. 2** Trial Court Improperly Relied on the State's Contention that Appellant was Convicted of a Qualified Sex Crime.

## II. Law and Analysis

{¶ 7} Ansari argues that the trial court improperly accepted the state's assertions that (1) he is not an "eligible offender" under R.C. 2953.31 and 2953.32, and (2) the

---

other jurisdiction." (Emphasis added.) Effective October 29, 2018, R.C. 2953.31(A)(1)(a) was amended to define "eligible offender" to include "[a]nyone who has been convicted of *one or more offenses, but not more than five felonies*, in this state or any other jurisdiction, *if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense* and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense." (Emphasis added.) Ansari filed his motion on May 22, 2019, so the version of the statute in effect at that time is applicable. *See State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus ("The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling.").

3.

crime of which he was convicted is a qualified sex offense, precluding expungement. The state now concedes that Ansari *is* an "eligible offender" and the conviction was *not* for a qualified sex offense. The state claims, however, that Ansari's motion was nevertheless properly denied because his record of conviction cannot be sealed under R.C. 2953.32(A)(6). We address Ansari's assignments of error together.

{¶ 8} Under R.C. 2953.32 applicable at the time Ansari filed his motion, "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." Where the conviction at issue is a misdemeanor, an application may be made a year after the offender's discharge. R.C. 2953.32(A)(1)(c). Upon the filing of an application, the court must set a date for a hearing, and the prosecutor may object to the application by filing an objection specifying the reasons it believes the application should be denied. R.C. 2953.32(B). The court must direct its regular probation officer to make inquiries and written reports concerning the applicant. *Id.*

{¶ 9} In considering a motion to seal the record of conviction, the court must determine whether the applicant is an "eligible offender"—a term defined in R.C. 2953.31(A)(1) to include "[a]nyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth

4.

degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense." R.C. 2953.32(C)(1)(a).

{¶ 10} The court must also determine whether criminal proceedings are pending against the applicant; determine whether the applicant has been rehabilitated to the court's satisfaction; consider the prosecutor's objections, if any; and weigh the applicant's interests in having the records sealed against the government's need to maintain the records. R.C. 2953.32(C)(1)(b)-(e). "If the court determines * * * that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of [the] applicant * * * has been attained to the satisfaction of the court, the court * * * shall order all official records of the case that pertain to the conviction * * * sealed." R.C. 2953.32(C)(2). We generally review a trial court's decision denying an application to seal a record of conviction under an abuse-of-discretion standard. *State v. Gaines*, 6th Dist. Huron No. H-19-004, 2019-Ohio-5003, ¶ 10.

{¶ 11} Here, the trial court failed to follow the procedures set forth in R.C. 2953.32. It failed to set a date for a hearing and direct its regular probation officer to make inquiries and written reports concerning Ansari, as required by R.C. 2953.32(B). It also failed to determine whether Ansari is an "eligible offender"; determine whether criminal proceedings are pending against him; determine whether Ansari has been satisfactorily rehabilitated; and weigh Ansari's interests in having the records sealed

against the government's need to maintain the records, as required by R.C. 2953.32(C)(1)(a)(b)(c) and (e). *See Gaines* at ¶ 16 (reversing denial of motion to seal where court failed to consider these factors).

{¶ 12} "The primary purpose of a sealing hearing is the gathering of information in order to provide the trial court with all the relevant information regarding the applicant's compliance with the sealing criteria." *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 8. The court must gather that information from "not only the applicant, but also the prosecutor and the probation department." *Id.* The language in R.C. 2953.32 is mandatory, not permissive. *See State v. Mallardi*, 9th Dist. Summit No. 19842, 2000 WL 487735, *1 (Apr. 26, 2000) ("The court may not dispose of the application without holding a hearing because the language of the statute is mandatory, not permissive."). A trial court errs by ruling on a motion to seal a record of conviction under R.C. 2953.32 without first holding a hearing. *Gaines* at ¶ 16; *State v. M.R.*, 2017-Ohio-973, 86 N.E.3d 641, ¶ 10 (8th Dist.).

{¶ 13} Accordingly, we find that the trial court abused its discretion when it denied Ansari's motion without a hearing and without following the procedures set forth in R.C. 2953.32. *See Gaines* at ¶ 18 (finding that trial court abused its discretion in denying application to seal record of conviction where it failed to hold an oral hearing or make the findings required under R.C. 2953.32). We reverse the trial court judgment and remand this matter so that the trial court can consider Ansari's motion using the

6.

applicable procedures and standards set forth in R.C. 2953.31 et seq.  We find Ansari's assignments of error well-taken.

### III.  Conclusion

{¶ 14} The trial court abused its discretion when it denied Ansari's motion to seal his record of conviction without following the procedures set forth in R.C. 2953.32.  We find his two assignments of error well-taken.

{¶ 15} We reverse the September 21, 2020 judgment of the Erie County Court of Common Pleas and remand this matter so that the court may follow the procedures and apply the standards set forth in R.C. 2953.31 et seq.  The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                              _____
                                                      JUDGE
Christine E. Mayle, J.                             

Gene A. Zmuda, P.J.                           _____
CONCUR.                                                    JUDGE


                                                                  _____
                                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.