[Cite as *State v. Murawski*, 2014-Ohio-5438.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140298 |
| | | TRIAL NO. B-0304693 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MARGARITE MURAWSKI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 12, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Josh Thompson*, Office of the Hamilton County Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1} Defendant-appellant Margarite Murawski has appealed from the trial court's denial of her application for an expungement. Because no abuse of discretion occurred in the denial of Murawski's application, we affirm the judgment of the trial court.

### *Background and Standard of Review*

{¶2} In 2006, Murawski pled guilty to a violation of R.C. 2913.02(A)(2), theft from an elderly person or disabled adult. Murawski had been employed by the owner of a concession stand in the Hamilton County Courthouse. Her employer was blind, and she stole from him during shifts. Murawski was sentenced to a two-year period of community control, was ordered to perform community service, and was further required to pay fines and court costs, and to make restitution to the victim of her offense.

{¶3} Murawski first filed an application for an expungement in February of 2013. The trial court denied that application. Murawski filed a second application for an expungement on December 10, 2013. The state did not oppose Murawski's application. After conducting a hearing over two separate dates, the trial court again denied Murawski's application for an expungement. The court stated that "I feel very strongly about this set of circumstances and what you did. * * * I think you've paid your dues, I do. And you did your sentence. But I don't think that should be erased from your record, that other people are allowed to know what you did."

{¶4} Murawski now appeals. She argues in her sole assignment of error that the trial court abused its discretion when it denied her application for an expungement.

{¶5} Murawski correctly recognizes that we cannot disturb a trial court's ruling on an application for an expungement absent an abuse of discretion. *See State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982).

### R.C. 2953.32

{¶6} R.C. 2953.32 governs the procedure for the expungement of convictions. Upon the filing of an application for an expungement, the trial court is required to set a date for a hearing on the application and to notify the prosecutor. *See* R.C. 2953.32(B). The trial court is then required to do the following: determine whether the applicant is an eligible offender; determine whether there are any pending criminal proceedings against the applicant; if he or she is eligible, determine whether the applicant has been satisfactorily rehabilitated; consider any objections filed by the prosecutor; and weigh the applicant's interest in having the records sealed against the state's legitimate need to maintain those records. *See* R.C. 2953.32(C)(1)(a)-(e).

{¶7} Murawski contends that the trial court abused its discretion because it failed to consider these statutory factors before denying her application for an expungement. She alleges that neither the record nor the trial court's judgment

entry contains any indication that the trial court considered the statutory factors in R.C. 2953.32(C)(1). We are not persuaded.

{¶8} R.C. 2953.32(C)(1) contains mandates with which the trial court must comply when determining whether to grant or deny an application for an expungement, but the statute does not require the trial court to make express findings or to state its compliance with those mandates on the record. Because R.C. 2953.32(C)(1) is not a fact-finding statute, we presume that the trial court considered the relevant factors and criteria in the statute unless the appellant affirmatively demonstrates that the trial court failed to do so. *See State v. McAfee*, 1st Dist. Hamilton No. C-130567, 2014-Ohio-1639, ¶ 18. In this case, Murawski has made no such demonstration.

{¶9} The trial court conducted a hearing on Murawski's application on two separate dates. The trial court indicated during the hearing that, although Murawski had served her sentence and paid her dues, the court felt very strongly that the underlying facts of this case were so egregious that an expungement should not be granted. This determination was well within the court's discretion, and was in no manner arbitrary, unreasonable or unconscionable.

{¶10} We hold that the trial court did not abuse its discretion in denying Murawski's application for an expungement. Murawski's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.


Please note:
    The court has recorded its own entry on the date of the release of this opinion.

4