[Cite as *State v. Jameson*, 2019-Ohio-1420.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0046** |
| MICHAEL C. JAMESON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Western District, Case No. 2014 CRB 00593 W.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor; *Harold Specht* and *Shelley M. Pratt, Assistant Prosecutors,* Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Mark Roy Devan* and *William Christopher Livingston,* Berkman, Gordon, Murray & Devan, 55 Public Square, Suite 2200, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Michael C. Jameson, appeals from the judgment of the Ashtabula County Court, Western Division, denying his motion to seal the record of his conviction for negligent assault, a misdemeanor of the third degree. We reverse the trial court's judgment and remand the matter for further proceedings.

{¶2} In the summer of 2013, a group of 11 youths visited appellant's property in a van. They were there to retrieve their radio which was stored, with appellant's permission, on appellant's property. The radio was in an outbuilding. Appellant and his father observed the van through the trees and saw people enter the outbuilding. Appellant's father shot at the van, injuring two of the passengers. Appellant fired his shotgun in the direction of the van, but did not directly hit the vehicle. Instead, according to appellant's crime-scene reconstruction expert, the blast ricocheted off the ground causing some of the shot to strike the van.

{¶3} Appellant was ultimately charged with one count of negligent assault, to which he pleaded no contest. He received a suspended sentence and was released from probation early after he completed the conditions of his community control. Appellant subsequently moved the trial court to seal the record of this conviction. After a hearing, the trial court denied the motion. This appeal follows. Appellant assigns the following as error:

{¶4} "The trial court erred in denying appellant's motion to seal the record of his conviction."

{¶5} "Generally, we review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion." *State v. Talameh,* 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶20. When, however, it is necessary for an appellate court to interpret and apply statutory provisions, its standard of review is de novo. *Id.*

{¶6} R.C. 2953.32(A) allows "an eligible offender" to "apply to the sentencing court * * * for the sealing of the conviction record * * * at the expiration of one year after

the offender's final discharge if convicted of a misdemeanor." The expungement or sealing of the record is "an act of grace created by the state," and is "a privilege, not a right." *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639, (1996). While R.C. 2953.32 "provides for an emphasis on the individual's interest in having the record sealed," it "acknowledges that the public's interest in being able to review the record is a relevant, legitimate governmental need under the statute." *Talameh*, *supra*, at ¶19.

{¶7} The expungement provisions are remedial in nature and "must be liberally construed to promote their purposes." *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999). As one appellate court framed the policy considerations underlying expungement:

{¶8} [P]eople make mistakes [and] afterwards they regret their conduct and are older, wiser and sadder. The enactment and amendment of R.C. 2953.31 and 32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness. Although rehabilitation is not favored in current penal thought, the unarguable fact is that some people do rehabilitate themselves." *State v. Hilbert*, 145 Ohio App.3d 824, 827 (8th Dist.2001).

{¶9} R.C. 2953.32 governs sealing records of conviction, and R.C. 2953.32(C)(1) states that "[t]he court *shall* do each of the following:

{¶10} (a) Determine whether the applicant is an eligible offender * * *.

{¶11} (b) Determine whether criminal proceedings are pending against the applicant;

{¶12} (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

3

**{¶13}** (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

**{¶14}** (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records. (Emphasis added).

**{¶15}** Appellant asserts the trial court properly found the first three factors were met. Appellant further notes the court considered the reasons against granting the application advanced by the state. Appellant argues, however, the trial court failed to weigh appellant's interest in having the records sealed against the purportedly legitimate needs of the state in maintaining them public. He accordingly contends the trial court's ultimate rationale for denying the motion was legally insufficient and was additionally problematic because it relied upon irrelevant considerations.

**{¶16}** At the hearing, appellant, through counsel, asserted he is a welder by trade and is required to travel to various industrial facilities to perform his job. Because many of these work sites have increased security restrictions, he claimed his conviction prevents him from entering these locations thereby compromising his ability to earn a living. A letter, written by his employer, was filed, which provided in relevant part:

**{¶17}** [appellant's] employment has the potential to be negatively impacted due to limiting the locations with which he can work due to the extensive background checks many of [his employer's] customers require. In addition to potentially limiting locations he can work, in the event [appellant] would want to seek employment elsewhere to branch out into different concentrations within this industry he will likely not be considered due to this blemish on his record.

**{¶18}** In its judgment, the court determined appellant's needs or interests in having the record sealed are outweighed by the legitimate needs of the government to

4

maintain the record. The court, however, did not make any specific findings related to appellant's interests in its judgment. Moreover, the court acknowledge that the state's objection was premised, in part, on appellant's conduct which led to the ultimate charge. In denying the motion, the court stated:

> **{¶19}** The co-defendant, father of the defendant, was convicted of a much more serious offense and sentenced to a state prison. For this court to grant a sealing of the record of conviction would depreciate the severity of the defendant's conduct in discharging a firearm in the direction of 11 people without verifying his target and the need for deadly force. The most important decision a firearm owner can make is the decision to discharge a firearm [in] the direction of another person or persons. For this court to hold otherwise would be to minimize the importance of that decision.

**{¶20}** Appellant contends the trial court relied solely on the nature and circumstances of his offense in denying his application. Appellant cites numerous cases from other districts which, he argues, stands for the proposition that the nature of the offense cannot provide the sole basis to deny an application to seal. *See In re. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶19 (The trial court abused its discretion in denying the motion because it simply adopted the state's position that the nature or the offense was sufficient unto itself.); *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694 (The state merely objected to granting application based upon nature of the crime and the trial court made no findings pursuant to the statute and thus the matter was not reviewable); *State v. Clellan*, 10th Dist. Franklin No. 10AP-44, 2010-Ohio-5867 (The trial court abused its discretion where defendant's possession of a firearm alone was sole factor in denying application, especially where possessing a firearm is permitted under the law.); *State v. Rojas*, 180 Ohio App.3d 52, 2008-Ohio-6339 (2d Dist.) (The trial court erred in denying application based on the nature of the

5

offense, without weighing governmental interest against defendant's interest.); *State v. Haas*, 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350 (Trial court failed to conduct a meaningful hearing and placed no findings on record; the court stated in dicta that a denial cannot be premised solely on the nature of offense.); *State v. Bates*, 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260, ¶26 (The trial court abused its discretion in denying the motion solely on the nature of the offense and failing to make other statutory findings.); *Hilbert, supra* (The court denied the motion without offering any findings or reasons and simply adopted the state's objection which was based solely on the nature of the offense.); *State v. Berry*, 135 Ohio App.3d 250 (2d Dist.1999) (The trial court abused its discretion where it summarily denied the application without a hearing because it was a "sex offense" crime.)

{¶21} Although appellant's statement of the law is correct, it requires some context. The foregoing cases stand for the overarching proposition that a trial court cannot deny an application without considering, on record, each of the factors set forth in the statute. As such, a court cannot deny an application solely on the nature of the offense; if, however, the trial court adequately considered and placed its findings on the record, it must consider the nature of the offense as a factor in denying a motion. After all, the nature of the offense that is the subject of the application is inherently germane to the trial court's ultimate ruling, to wit: it serves to establish whether the applicant is an eligible offender.

{¶22} With this in mind, in its judgment entry, the trial court stated that the appellant's interests are outweighed by the state's *legitimate needs* in keeping the record public. In its motion, and at the hearing, the state's objections to sealing the

6

record was premised solely upon the facts and circumstances of the case and appellant's use of a deadly weapon. The state recounted the facts that led to the charge and contended that, based upon these points, the application should be denied.

{¶23} The foregoing fails to highlight a legitimate need to keep the record public. By arguing the severity of the circumstances of the crime justifies denying the motion, the state is essentially arguing that, based upon the charge, appellant should be ineligible. Because appellant was appropriately deemed an eligible offender, the state, rather than articulating a legitimate need to keep the record public, is implicitly attempting to negate appellant's eligibility. In other words, to establish a need, the state is required to set forth a legitimate basis *other than* the circumstances and nature of the crime to provide the court with the necessary evidence to conduct the weighing process. The state failed to do so and, as such, the trial court had insufficient evidence to conduct the weighing exercise required by R.C. 2953.32(C)(1)(e). Because the state did not set forth a legitimate need independent of the offense itself (which does not establish such a need), the trial court abused its discretion in denying appellant's application.

{¶24} Furthermore, we additionally conclude the trial court's consideration of the seriousness of the offense of appellant's co-defendant father is irrelevant to whether his application should be denied. In this respect, the trial court abused its discretion when it considered the severity of the conduct of appellant's father over defense counsel's objection. *See e.g. State v. Dunlap*, 73 Ohio St.3d 308, 316 (1995) (Courts have broad discretion in the admission or exclusion of evidence.)

7

{¶25} The judgment of the trial court is reversed and remanded to the trial court with the direction to grant appellant's application to seal records. *See* App.R. 12(B) (When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order.)

{¶26} Appellant's assignment of error is well taken.

{¶27} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court, Western Division is reversed and remanded for further proceedings.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.