[Cite as *State v. Herrick*, 2020-Ohio-6917.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-G-0252** |
| THOMAS G. HERRICK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2015 CRB 00212.

Judgment: Affirmed.

*James M. Gillette,* City of Chardon Police Prosecutor, PNC Bank Building, 117 South Street, Suite 208, Chardon, OH 44024; and *Dennis M. Coyne,* 1428 Hamilton Avenue, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Harvey B. Bruner,* Harvey B. Bruner Co., LPA, The Hoyt Block Building, Suite 110, 700 West St. Clair Avenue, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Thomas G. Herrick, appeals from the judgment denying his motion to seal records. We affirm the trial court.

{¶2} In March 2015, appellant was charged with vehicular homicide, a first-degree misdemeanor, in violation of R.C. 2903.06(A)(3); vehicular manslaughter, a second-degree misdemeanor, in violation of R.C. 2903.06(A)(4); and driving without reasonable control, a minor misdemeanor, in violation of R.C. 4511.202(A). All three

counts were due to a single incident in which appellant drove his vehicle into a restaurant. One restaurant patron was killed.

{¶3} Appellant pleaded no contest to vehicular manslaughter and failure to control. The vehicular homicide charge was dismissed. After accepting the plea, the trial court found appellant guilty of each charge. He was sentenced to one year of probation and a one-year license suspension for vehicular manslaughter.

{¶4} After completing probation, appellant moved to seal the record of his vehicular manslaughter conviction. After holding an oral hearing, the trial court denied the motion. Appellant appealed and this court reversed the trial court and remanded the matter for further proceedings. *State v. Herrick*, 11th Dist. Geauga No. 2018-G-0161, 2019-Ohio-5047. In doing so, this court determined appellant was an eligible offender and the trial court was ordered to consider the substantive merits of his application applying the applicable statutory procedures.

{¶5} The trial court held a hearing at which appellant and his counsel were present. The state was not present at the hearing, but the trial judge stated she had a written "recommendation" from the prosecutor's office. After the hearing, the trial court denied appellant's application. This appeal follows.

{¶6} Appellant's assignment of error provides:

{¶7} "Whether the trial court abused its discretion when it denied appellant's motion to seal based solely upon the nature of the offense."

{¶8} "Generally, we review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion." *State v. Talameh,* 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶20.

2

{¶9} R.C. 2953.32(A) allows "an eligible offender" to "apply to the sentencing court * * * for the sealing of the conviction record * * * at the expiration of one year after the offender's final discharge if convicted of a misdemeanor." The expungement or sealing of the record is "an act of grace created by the state," and is "a privilege, not a right." *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). While R.C. 2953.32 "provides for an emphasis on the individual's interest in having the record sealed," it "acknowledges that the public's interest in being able to review the record is a relevant, legitimate governmental need under the statute." *Talameh, supra,* at ¶19.

{¶10} R.C. 2953.32 governs sealing records of conviction, and R.C. 2953.32(C)(1) states that "[t]he court shall do each of the following:

{¶11} (a) Determine whether the applicant is an eligible offender * * *.

{¶12} (b) Determine whether criminal proceedings are pending against the applicant;

{¶13} (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

{¶14} (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶15} (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records."

{¶16} Appellant contends the trial court abused its discretion when it denied his application to seal the underlying record solely upon the nature of the offense. In support, he cites this court's decision in *State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420. In *M.J.*, the state objected to the appellant's application to seal his record. The state's objections to sealing the record were premised solely upon the facts and circumstances of the case and the appellant's use of a deadly weapon. At the hearing, the state recounted the facts that led to the charge and contended that, based upon these points, the application should be denied. The trial court determined the appellant's interests in sealing the record were outweighed by the state's legitimate needs in keeping the record public. In reversing the trial court's judgment, this court observed:

{¶17} By arguing the severity of the circumstances of the crime justifies denying the motion, the state is essentially arguing that, based upon the charge, appellant should be ineligible. Because appellant was appropriately deemed an eligible offender, the state, rather than articulating a legitimate need to keep the record public, is implicitly attempting to negate appellant's eligibility. In other words, to establish a need, the state is required to set forth a legitimate basis *other than* the circumstances and nature of the crime to provide the court with the necessary evidence to conduct the weighing process. The state failed to do so and, as such, the trial court had insufficient evidence to conduct the weighing exercise required by R.C. 2953.32(C)(1)(e). Because the state did not set forth a legitimate need independent of the offense itself (which does not establish such a need), the trial court abused its discretion in denying appellant's application. (Emphasis sic.) *M.J.*, *supra*, at ¶23.

{¶18} Moreover, in *M.J.*, the court possessed specific evidence that unless the appellant's record was sealed, he would be prevented from engaging in his chosen employment; that is, he was required to have certain security clearances to enter particular job sites which he would be unable to obtain if his record remained public. *Id.*

4

at ¶16-17. These facts, submitted by the appellant, demonstrated specific reasons that militated in favor of sealing the record which outweighed any purported governmental interest in maintaining them public. This case is distinguishable from *M.J.*

{¶19} Here, we do not know the nature of the state's objection because the written "recommendation" was not made part of the record and the prosecutor did not appear at the hearing. No objection was leveled, however, to the trial court's procedure in considering the writing. In this respect, we cannot comment on the sufficiency of the state's objection.

{¶20} That said, we acknowledge the trial court noted one victim was killed as a result of appellant's criminal conduct. As a result, the court relied, in part, on the nature of the offense. Still, the trial court inquired into whether appellant was applying for a job or applying for entrance into school, to which defense counsel responded in the negative. The court also asked defense counsel whether anyone was checking or had sought to check appellant's record. Counsel again replied in the negative. In support of the application, defense counsel essentially stated appellant is 83 years old and, other than the instant conviction, had led and was living a law-abiding life. Although counsel's points merit consideration, we fail to see how the trial court erred in denying appellant's application.

{¶21} The legislative purpose of R.C. 2953.52 is to spare the applicant the economic, social, and legal consequences that accompany disclosure of these records. *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 378 (1981). "The applicant's legitimate privacy interests, however, must be conscientiously weighed against the public's right of access." *State ex rel. Cincinnati Enquirer v. Winkler,* 149 Ohio App.3d 350, 2002-Ohio-

5

4803, ¶23 (1st Dist.) Appellant failed to identify any particular negative economic, social, or legal consequences of maintaining the public record. He further did not specifically identify how his privacy interests outweigh the public's right to access the records. Under the facts and circumstances, therefore, we conclude the trial court did not abuse its discretion in concluding, in light of the surrounding circumstances, the governmental interest in maintaining the records as public outweigh appellant's interest in having them sealed.

{¶22} Appellant's assignment of error lacks merit.

{¶23} For the reasons discussed in this opinion, the judgment of the Chardon Municipal Court is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

6