[Cite as *State v. Dewey*, 2021-Ohio-1005.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

STATE OF OHIO,                               :        **O P I N I O N**

          Plaintiff-Appellee,        :

          - vs -                                :        **CASE NO. 2020-A-0036**

ADELE M. DEWEY,                           :

          Defendant-Appellant.     :

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00596.

Judgment: Affirmed.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, Ohio 44047 (For Plaintiff-Appellee).

*Phillip L. Heasley*, Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, Ohio 44004 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}     Appellant, Adele M. Dewey, appeals the trial court's judgment denying her "Motion to Seal Record" filed pursuant to R.C. 2953.52.  We affirm.

{¶2}     Appellant was indicted in October 2016 on one count of theft, in violation of R.C. 2913.02(A)(1)(B)(2), a felony of the fifth degree, and one count of forgery, in violation of R.C. 2913.31(A)(1)(C)(1)(b), a felony of the fifth degree.  She ultimately entered guilty pleas to amended count one, theft, and amended count two, forgery, each misdemeanors

of the first degree. The trial court imposed a jointly recommended sentence of one-year community control and a suspended 30-day jail term. Appellant completed her sentence and was terminated from probation in February 2018.

{¶3} Appellant subsequently filed the underlying application to seal her record. After a hearing, the trial court denied the application. Appellant now appeals and assigns the following error:

{¶4} "The court erred by overruling appellant's motion to seal record."

{¶5} Generally, we review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion. *State v. Talameh,* 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶ 20.

{¶6} R.C. 2953.32(A)(1)(a) allows "an eligible offender" to "apply to the sentencing court * * * for the sealing of the record * * * at the expiration of one year after the offender's final discharge if convicted of a misdemeanor." The expungement or sealing of the record is "'an act of grace created by the state'" and is "a privilege, not a right." *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996).

{¶7} While "'R.C. 2953.32 provides for an emphasis on the individual's interest in having the record sealed," it "acknowledges that the public's interest in being able to review the record is a relevant, legitimate governmental need under the statute.'" *Talameh,* at ¶ 19, quoting *State v. M.D.*, 8th Dist. Cuyahoga No. 97300, 2012-Ohio-1545, ¶ 7.

{¶8} R.C. 2953.32 governs sealing records of conviction, and R.C. 2953.32(C)(1) states that "[t]he court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records."

{¶9} There is no dispute as to appellant's status as an eligible offender. Hence, the trial court was required to consider the evidence in relation to factors (b) through (e). At the hearing on the motion, appellant's counsel stated "[t]here really are no factors, factors that I believe would support the private interest of sealing the record, but there really are no factors that would support the public interest in keeping this record for [appellant]." After noting this, however, counsel pointed out appellant had no new criminal charges pending against her and has remained a law-abiding citizen since the incident leading to the convictions. Counsel noted appellant paid full restitution for the crimes and completed her probation without incident. Counsel emphasized appellant's remorse for her crimes and indicated the record has prevented appellant from participating in various activities with her children through their high school. Counsel additionally noted that appellant attempted to, but was prevented from, joining a local volunteer fire department. Finally, counsel stated appellant was interested in traveling to Florida to help her sister

3

with her children; apparently, counsel asserted, appellant is "worried that if they run a background check and [appellant] is residing there, that they'll kick her sister out of the apartment, because of these prior convictions."

{¶10}   Appellant echoed much of what counsel placed on record and reiterated her concern regarding background checks if she chose to relocate.  Appellant did not specifically state that the convictions would make it difficult for her to maintain employment; rather, her concern was more nebulous, based upon a worry that the convictions somehow could interfere with her having a place to live if she elected to leave her current residence.

{¶11}   In support of its objection to sealing the record, the state underscored that appellant was in a position of trust when she took over $4,000 from the United Steelworkers Local 811, while acting as treasurer.  The state consequently asserted that the public interest in maintaining the records of appellant's conviction was high due to appellant's violation of her position of trust.  The state pointed out that, although appellant framed the crimes as mistakes, she planned and executed her plan with some degree of forethought.  And, regarding appellant's interest in relocating to Florida, the prosecutor noted that the state of Florida should be aware of appellant's record under the circumstances.  Specifically, in the event she were to seek a position of trust, or employment in general in the state, the public should have the option to consider appellant's record before she is allowed to participate in such activities or employment.

{¶12}   In overruling appellant's motion, the trial court determined:

> Although [appellant] does not have a prior criminal history and has been law abiding, [she] abused her duty as the treasurer to the United Steelworkers Local 811 for her own financial gain by forging checks and stealing money.

4

> Employers and the public should be aware of the offenses committed, even as misdemeanors, as the offenses were related to a position where [appellant] was entrusted to manage money of the organization. The state of Ohio has shown it is in the best interest and a legitimate need of the government to maintain the records of the case as unsealed.

{¶13} Appellant argues the trial court erred in denying the motion because it relied solely on the nature of the offense. In support, he principally relies upon the Eighth Appellate District's holding in *State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 19. In that matter, the defendant, a part-time police officer at a community college, withheld parking fees he was entrusted to collect. He was charged and convicted of theft in office and attempted tampering with records. His motion to seal the record of conviction was denied. The Eighth District, however, determined the court abused its discretion in denying the motion because it simply adopted the state's position that the nature of the offense was sufficient unto itself; namely, that "the nature of the crimes, that applicant was a police officer, who violated the public trust" was an adequate basis for rejecting the motion. *Id.* at ¶ 15.

{¶14} This court is aware of and acknowledges the authority cited by appellant. We also acknowledge the oft-cited principle that a trial court may not reject a motion to seal solely on the nature of the offense. In *State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0040, 2019-Ohio-1420, ¶ 21, this court recognized the authority, but provided some backdrop to the point; to wit:

> Although appellant's statement of the law is correct, it requires some context. The foregoing cases stand for the overarching proposition that a trial court cannot deny an application without considering, on record, each of the factors set forth in the statute. As such, a court cannot deny an application solely on the nature of the offense; if, however, the trial court adequately considered and placed its findings on

5

the record, it must consider the nature of the offense as a factor in denying a motion. After all, the nature of the offense that is the subject of the application is inherently germane to the trial court's ultimate ruling, to wit: it serves to establish whether the applicant is an eligible offender.

{¶15} We recognize appellant's eligibility is not at issue. Still, the foregoing point also highlights the reality that, in considering an application, a court will inevitably consider the nature of the crime at issue and accord some weight to facts and circumstances which led to the charge and conviction. And, under certain circumstances, the gravity of the crime may be sufficient to tip the balance in the state's favor, particularly where an applicant has advanced vague or otherwise anemic reasons to support her application.

{¶16} In *State v. M.H.,* 2018-Ohio-582, the trial court, from the bench, simply agreed with the state's general objection that, due to the nature of the offense, theft in office, the public had a right to the unsealed record. *Id.* at ¶ 13. And the Eighth District noted the trial court's judgment entry simply stated that the movant's application was denied. *Id.* at ¶ 8.

{¶17} In this case, alternatively, the judge, in her entry, expressly considered each statutory factor. In weighing the interests of the applicant in having the record sealed against the legitimate needs of the government, the trial court found that future employers (and the public at large) should have access to the record. The judge underscored appellant violated the trust of her employer in committing the crime; this is not, however, the only factor that the court considered.

{¶18} The court was aware of appellant's potential relocation to Florida, but neither counsel nor appellant were able to provide a firm or even clear basis regarding how the unsealed record would affect appellant's move. Appellant and counsel simply

6

voiced their concern that a background check of appellant could somehow cause appellant's sister to be ejected from her apartment. Moreover, appellant did not assert or allege the unsealed record had or would impact future employment or educational opportunities.

{¶19} The legislative purpose of R.C. 2953.52 is to spare an applicant the economic, social, and legal consequences that accompany disclosure of these records. *State v. Herrick*, 11th Dist. Geauga No. 2020-G-0252, 2020-Ohio-6917, ¶ 21, citing *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 378 (1981). "The applicant's legitimate privacy interests, however, must be conscientiously weighed against the public's right of access." *State ex rel. Cincinnati Enquirer v. Winkler,* 149 Ohio App.3d 350, 2002-Ohio-4803, ¶ 23 (1st Dist.) While counsel stated his view that there were no factors that would weigh in favor of keeping the record unsealed, he also indicated there were no factors that would militate in favor of appellant's privacy interests. Moreover, appellant failed to identify specific negative economic or legal consequences of maintaining the public record. Although she noted the conviction has caused her embarrassment, this consequence is not unique to her case, let alone a person with a criminal conviction in general. Counsel also asserted the record allegedly precluded appellant from volunteering for her children's school activities; still, to the extent the record prevented appellant from volunteering for her kid's high-school activities, she will suffer this disadvantage only temporarily. In effect, we fail to see how this, by itself, outweighs the public's legitimate interests in maintaining the record open. Appellant did not clearly identify how her privacy interests outweigh the public's right to access the records. Given our highly-deferential standard of review, we conclude, in light of the totality of evidence

7

and argumentation, the trial court did not abuse its discretion in denying appellant's application.

{¶20}    Appellant's sole assignment of error lacks merit.

{¶21}    For the reasons set forth in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.