[Cite as *State v. N.S.*, 2025-Ohio-5166.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250059 |
| | | TRIAL NOS. | 21/CRB/12607/A |
| Plaintiff-Appellee, | : | | 21/CRB/12607/B |
| vs. | : | *JUDGMENT ENTRY* | |
| N.S., | : | | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed in part and reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed to plaintiff-appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 11/14/2025 per order of the court.**

**By:**_____
          **Administrative Judge**

**[Cite as *State v. N.S.*, 2025-Ohio-5166.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250059 |
| | | TRIAL NOS. | 21/CRB/12607/A |
| Plaintiff-Appellee, | : | | 21/CRB/12607/B |
| vs. | : | | |
| | | *O P I N I O N* | |
| N.S., | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: November 14, 2025

*Emily Smart Woerner,* City Solicitor*, William T. Horsley,* Chief Prosecuting Attorney, *Sean A. Witt, Joseph M. Cossins* and *Victoria Gooder,* Assistant Prosecuting Attorneys, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**MOORE, Judge.**

{¶1}    Defendant-appellant N.S. appeals the trial court's judgments to the extent they denied her applications for expungement. N.S. asserts that, while the trial court granted her applications for record sealing, it failed to explain why her records should not be expunged. The factors that a trial court must consider are the same for both record sealing and expungement. The trial court found that N.S. met all the requisite factors. Therefore, because the governing statute provides that an application for expungement "shall" be granted if the factors listed in the statute are satisfied, and they were here, we hold that the trial court abused its discretion by denying N.S.'s applications for expungement. We, therefore, reverse the trial court's judgments in part and remand this cause to the trial court to grant N.S.'s applications for expungement.  We affirm the trial court's judgments in all other respects.

## I.  Factual and Procedural History

{¶2}    In December 2021, N.S. pleaded guilty to and was convicted of theft in violation of R.C. 2913.02 in the case numbered 21/CRB/12607/B. A charge for menacing under R.C. 2903.22 in the case numbered 21/CRB/12607/A—in which N.S. was alleged to have threatened a Kroger employee—was dismissed in exchange for N.S.'s guilty plea to the theft charge.

{¶3}    In June 2024, N.S. filed two separate applications in each case, one to seal her record and one to expunge her record.

{¶4}    The State filed its objection to the applications. It generally argued N.S.'s applications should be denied due to "the serious nature of this charge."

{¶5}    During the initial hearing on the applications, N.S. showed that she had paid all outstanding costs and fines. Counsel explained that N.S. has five children, had been working at Talbert House for two years, and hoped to obtain a promotion to

increase her income and buy a house for her family. The State objected on behalf of the victim, who was not present at the hearing due to untimely notification. The State asserted that denying the applications and maintaining the dismissed menacing charge was necessary as the statement underlying the menacing charge was made by N.S. toward the victim, who was employed at the Kroger location where the theft occurred. The hearing on N.S.'s applications was continued so the State could notify the victim.

{¶6} During the continued hearing on September 10, 2024, N.S. explained to the court that she had been interviewed for a promotion at Talbert House and her employer preferred that she have a clean record as the promotion would require her to work with community members. N.S. expressed concern that maintaining her criminal record would interfere with her ability to obtain an associate's degree in social work and a Pell Grant that she was pursuing.

{¶7} In response to the trial court's questions, N.S. explained that she ultimately served her entire jail sentence on the theft conviction because she had to leave the program at Talbert House due to personal matters. She testified that she entered the "Sober Living" treatment program when she was released from jail on October 12, 2022. She stated that she began to work at Talbert House within one month of completing the sober-living program, and she has participated in outpatient treatment at Brightview Addiction Treatment Center and maintained her sobriety since her arrest in 2021.

{¶8} The State asserted that it had an interest in maintaining N.S.'s criminal record for public awareness of N.S.'s criminal history and submitted on its written objection.

{¶9} The victim in the dismissed menacing case testified that she was

4

working at the Kroger location where N.S. committed the theft. The victim explained that she did not interact with N.S. directly on that day except that, as N.S. was escorted out of the store, she said to the victim, "when I get out of jail, I am coming back to beat your ass." The victim testified she did not have further contact with N.S. after the incident. The victim transferred to a different Kroger store because she no longer felt safe after the incident with N.S.

{¶10} Counsel for N.S. specifically asked the victim if she objected to N.S.'s applications. The victim responded, "[B]ased on what I see now from three years ago, I mean, I think she has changed. And hopefully what she wants to do is be on a certain path and use that for her future and helping others from what she went through."

{¶11} The trial court took the matter under advisement.

{¶12} On January 17, 2025, the trial court made an entry finding that the charges were eligible for consideration, N.S. satisfied the applicable waiting period, and N.S. had no further criminal charges. It also noted N.S.'s report that she had maintained sobriety and was employed as a counselor at Talbert House.

{¶13} The trial court considered the State's written objection but concluded that no explanation was offered as to the "seriousness" of the crime that the State mentioned, nor did the State "add any detail as to what makes the offense more serious than another shoplifting offense or how government or law enforcement is served by these records." The court found that N.S.'s interest in having her record sealed outweighed the State's interest in maintaining the record.

{¶14} The entry reflected that the victim "ultimately concluded that [N.S. was] 'not the same person that she was three years ago'" and "expressed no position as to the application." The entry explicitly granted N.S.'s applications for record sealing and made no mention of the applications for expungement.

{¶15} The subsequently entered judgment on the judge's sheets generally stated, "Application Denied Per Entry," and was followed by a nunc pro tunc entry specifically granting N.S.'s applications to seal her records but, again, did not address the expungement applications.

{¶16} This appeal followed.

## II. Analysis

{¶17} On appeal, N.S. argues that the trial court implicitly denied her applications for expungement by failing to address them. She asserts, in a single assignment of error, that the trial court abused its discretion by failing to explain why her records should not be expunged, noting that the State failed to argue a specific basis for the trial court to grant the sealing of the records instead of expungement. The State counters that, coupled with the judge's sheets which initially only stated "Application Denied Per Entry," the trial court effectively denied the expungement applications through its nunc pro tunc entries, which explicitly granted the applications for sealing.

### A. The applications for expungement should have been granted.

{¶18} We review a trial court's decision to deny an application for expungement for an abuse of discretion. *In re L.B.*, 2024-Ohio-1255, ¶ 6 (1st Dist.). A trial court abuses its discretion when "[it] exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *State v. Lanxiang Yu*, 2024-Ohio-3083, ¶ 8 (1st Dist.). An abuse of discretion is more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable." *State v. Ofori*, 2023-Ohio-1460, ¶ 14 (1st Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "[A]n abuse of discretion occurs when a trial court's judgment does not comport with reason or the record." *Id.*,

6

quoting *State v. R.S.*, 2022-Ohio-1108, ¶ 8 (1st Dist.).

### 1. *Expungement versus record sealing.*

**{¶19}** Expungement and record sealing are both governed by R.C. 2953.32 but provide different forms of relief. Expungement "results in deletion, making all case records 'permanently irretrievable.'" *R.S.* at ¶ 9, quoting *State v. Aguirre*, 2014-Ohio-4603, ¶ 36, fn. 2. There is an exception to this permanent irretrievability; if the court grants expungement, the bureau of criminal investigation is the only entity entitled to maintain a record "for the limited purpose of determining an individual's qualification or disqualification for employment in law enforcement." R.C. 2953.32(D)(5). Sealing records, in contrast, "simply provides a shield from the public's gaze [and limits] inspection of sealed records of conviction to certain persons for certain purposes." *R.S.* at ¶ 9; *see* R.C. 2953.32(D).

**{¶20}** R.C. 2953.32(D)(1) requires a trial court to assess the same seven factors before granting an application for record sealing or expungement. Upon the filing of either application, the trial court is required to set a date for a hearing on the application and to notify the prosecutor. *State v. Murawski*, 2014-Ohio-5438, ¶ 6 (1st Dist.); *see* R.C. 2953.32(B). The trial court is then required to determine whether the applicant is an eligible offender and there are any pending criminal proceedings against the applicant; if he or she is eligible, the court must determine whether the applicant has been satisfactorily rehabilitated, consider any objections filed by the prosecutor, and weigh the applicant's interest in having the records sealed against the State's legitimate need to maintain those records. *Id.*; s*ee* R.C. 2953.32(C)(1)(a)-(e). Although a trial court's judgment cannot be based on the nature of the crime alone, a trial court may consider the gravity of the crime in making its determination. *See State v. Dewey*, 2021-Ohio-1005, ¶ 14-15 (11th Dist.). Because the sealing or expungement

of records of conviction is a privilege, not a right, it can be granted only when all seven requirements for eligibility are met. *State v. Sager*, 2019-Ohio-135, ¶ 9 (1st Dist.); *see State v. Boykin*, 2013-Ohio-4582, ¶ 11. However, if all seven requirements are met, the statute mandates that the motion for sealing or expungement of records of conviction must be granted, as explained below.

### 2. The denial of an expungement requires an analysis.

**{¶21}** N.S. asserts that, because an expungement is more favorable to the applicant, given that the record is rendered "permanently irretrievable," there should be expressed findings as to why the court elected to grant sealing over expungement. In support of this proposition, she cites *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999) (remedial expungement provisions must be "liberally construed to promote their purpose"). She further asserts that sealing should not be granted over expungement unless there is an express finding by the trial court or an articulated need by the State to inspect the record later.

**{¶22}** The State responds that the main issue addressed in *Gaines* was whether R.C. 2953.32 conflicted with R.C. 2961.01, and there is no mention of whether a court should express why either sealing or expungement is warranted. It further argues that R.C. 2953.32(D) does not require a trial court to make explicit findings. In *State v. Lanxiang Yu*, 2024-Ohio-3083 (1st Dist.), however, this court stated that "the absence of an entry detailing the trial court's analysis or a hearing transcript explaining the trial court's findings . . . is mere speculation as to the trial court's conclusions" and we held that the lack of analysis of the statutory factors in denying the expungement application constituted an abuse of discretion. *Id.* at ¶ 21-22; *see also id.* at ¶ 13 ("Where the trial court offers no reasons for its denial, we cannot blindly defer to its unexplained exercise of discretion."). This case obviously weighs against

the State's argument.

**{¶23}** Like *Lanxiang Yu*, Ohio courts have consistently held that the record must contain some analysis supporting the trial court's denial of an application for record sealing or expungement. *See State v. S.D.F.*, 2025-Ohio-1832, ¶ 17 (8th Dist.) (As a trial court cannot summarily deny a motion to seal or expunge convictions, the matter was remanded to the trial court to state its findings and reasons for ruling on the record.); *State v. Wright*, 2010-Ohio-6259, ¶ 13 (3d Dist.) (The trial court failed to set forth the R.C. 2953.32(C) factors in its entry to indicate why the application was denied.); *State v. Gaines*, 2019-Ohio-5003, ¶ 17 (6th Dist.) (A trial court cannot categorically deny an application for expungement, rather, it must make the required findings under R.C. 2953.32.).

**{¶24}** While it is apparent that the trial court abused its discretion by failing to indicate why the applications for expungement were denied, the more significant issue is whether the trial court abused its discretion by denying said applications after finding that each requisite statutory factor was met.

### 3. *The expungement should have been granted per statute.*

**{¶25}** N.S. asserts that the trial court's denial of the applications for expungement did not comport with reason or the record, and R.C. 2953.32(D)(2)(a) required the court to grant the expungements because the findings that it made in support of granting the sealing are the same findings required for granting an application for expungement. R.C. 2953.32(D)(2)(a) provides, in part,

> (2) If the court determines, after complying with division (D)(1) of this section, that the offender is not pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section . . . that the application was made at the time specified in division

9

(B)(1)(a) or (b) or division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of the applicant has been attained to the satisfaction of the court, both of the following apply:

(a) The court, except as provided in division (D)(4) or (5) of this section or division (D), (F), or (G) of section 2953.34 of the Revised Code, *shall order* all official records of the case that pertain to the conviction . . . sealed if the application was for sealing or *expunged if the application was for expungement* and, except as provided in division (C) of section 2953.34 of the Revised Code, all index references to the case that pertain to the conviction . . . deleted . . . .

(Emphasis added.) *Id.* The use of the word "shall" indicates that the trial court was required to grant her application for expungement after finding that all the requisite factors were met.

{¶26} Both the statute and case law support N.S.'s argument. While the trial court concluded that the factors under R.C. 2953.32(C) were met in support of granting the application for record sealing, it failed to indicate that there were any factors that would provide a sufficient basis for denying N.S.'s application for expungement. If all the requisite factors were met regarding the record sealing, and the same factors apply to the expungement, then the trial court's unexplained judgment denying N.S.'s application for expungement does not comport with reason

or the record and was an abuse of discretion. We, therefore, sustain N.S.'s sole assignment of error.

### III. Conclusion

{¶27} Because we found reversible error, we reverse the trial court's judgment in part and remand the cause to the trial court to grant N.S.'s applications for expungement of her records related to her theft conviction and the dismissal of her menacing charge. We affirm the trial court's judgment in all other respects.

Judgments affirmed in part, reversed in part, and cause remanded.

CROUSE, J., concurs.
ZAYAS, P.J., concurs in part and concurs in judgment.

ZAYAS, **Presiding Judge,** concurring in part and concurring in judgment.

{¶28} I agree that the trial court abused its discretion in denying the request for expungement. I write separately to delineate how, in this case, applying the law to the findings made by the trial judge leads to the inevitable conclusion that denying the expungement was unreasonable, arbitrary or unconscionable.

{¶29} I emphasize that when an applicant contemporaneously requests to seal and expunge a record, a trial court is not required to grant both. Expungement results in an almost complete deletion of the records; only the bureau of criminal investigation maintains a record to be used to determine qualifications for law-enforcement employment. *See State v. R.S.*, 2022-Ohio-1108, ¶ 9 (1st Dist.); R.C. 2953.32(D)(5). In contrast, sealing results in a shield from public gaze, allowing some access of records to limited people and purposes. *See R.S.* at ¶ 9; R.C. 2953.32(D)(2)(a); R.C. 2953.34(A)(1)-(13).

{¶30} Thus, each has a different implication on the State's need to maintain the record for public awareness or community safety. *See, e.g., State v. Smith*, 2009-

Ohio-2380, ¶ 11-12 (8th Dist.) (holding that the trial court was in the best position to determine whether the applicant was "dangerous" and found a "compelling public interest" to maintain the records where serious charges were reduced after tens of thousands of dollars in restitution were paid.); *State v. Dewey*, 2021-Ohio-1005, ¶ 17 (11th Dist.) ("In weighing the interests of the applicant in having the record sealed against the legitimate needs of the government, the trial court found that future employers (and the public at large) should have access to the record. The judge underscored appellant violated the trust of her employer in committing the crime.").

## The Expungement Should Have Been Granted

**{¶31}** In this case, the trial court's explicit findings in the entry granting the sealing of the records require that the expungement be granted. The trial court made a favorable determination on rehabilitation, finding that since the conviction N.S. "has had no subsequent charges of any kind, anywhere, reports that she has maintained sobriety, and now works as a counselor for the Talbert House." The State did not challenge N.S.'s rehabilitation. The trial court further found that the victim "expressed no position" as to whether the applications should be granted and noted her statement that N.S. "was not the same person she was three years ago."

**{¶32}** While the state objected to expungement based on a need for public access to the record, the trial court noted that the sole basis was the seriousness of the charges, which is insufficient to justify the denial of both expungement and sealing. *See R.S.*, 2022-Ohio-1108, at ¶ 29 (1st Dist.) (Trial courts may not deny an application to seal a conviction based solely on "the nature of the offense" where the General Assembly has deemed the conviction an eligible offense.). Significantly, the court noted that there was nothing presented to suggest that this shoplifting case was more serious than any other shoplifting offense or how the government or law enforcement

is served by maintaining this record. We are bound by this finding by the court.

**{¶33}** Additionally, applicant N.S. presented employability interests in having the records expunged, which were not challenged or contested. The State presented no valid need to maintain the record, so there was nothing for the court to weigh against N.S.'s interests. Consequently, this record does not support a different outcome between an almost complete deletion of the record and shielding of the records from public gaze.

**{¶34}** Accordingly, I would find that in this case, the court abused its discretion. Given the limited objection expressed by the State and the findings of the court, there was nothing to justify granting the sealing while denying the expungement.